**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Keith Bryan WEBB,
Defendant-Appellant.**

**No. 85–1617
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 27, 1986.

---

\* District Judge of the Eastern District of Michigan, sitting by designation.

Keith B. Webb, Leavenworth, Kan., Monty D. Roberson, Court Appointed, Advisory Capacity only, El Paso, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Keith Webb appeals his conviction of one count of murder in violation of 18 U.S.C. § 1111 and two counts of injury to a child in violation of Texas Penal Code § 22.04(a), made applicable through 18 U.S.C. § 13 (the Assimilative Crimes Act). He was sentenced to life imprisonment and two terms of thirty years imprisonment, respectively, with the thirty year terms to be served

concurrently with his life sentence. We affirm the convictions.

## I.

The case arose as a result of the death of appellant's six year old son, Steve Wilson, after appellant allegedly slammed his head into a wall and scalded him with hot water. Appellant was originally convicted on one count of second degree murder and two counts of injury to a child; however, the convictions were reversed and a new trial ordered by this court because statements obtained from appellant in violation of *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), were erroneously admitted in trial. *United States v. Webb*, 755 F.2d 382 (5th Cir.1985).

These tainted admissions led authorities to the site where appellant had buried his son's body. Nonetheless, we stated that the physical evidence of the body might be admissible under some exception to the judicially created "exclusionary rule" and left the determination of its admissibility to the district court for decision. Thereafter, appellant was indicted on one count of murder and two counts of injury to a child. Prior to trial, the district court 637 F.Supp. 259 ruled at an evidentiary hearing that the body was admissible in the second trial under the "inevitable discovery" exception to the exclusionary rule. *See Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Following a second trial in which this evidence was admitted, appellant was convicted on all counts charged.

## II.

The underlying facts leading to appellant's convictions are adequately set forth in *United States v. Webb, supra*, and will not be repeated here. Appellant seeks to overturn these convictions on the following grounds: (1) the victim's body was erroneously admitted into evidence under the inevitable discovery exception; (2) appellant's convictions placed him in double jeopardy; (3) appellant was denied effective assistance of counsel; (4) a fatal variance existed between the indictment and proof adduced at trial; (5) appellant was denied a fair trial by prosecutorial misconduct; and (6) appellant was denied due process required by law.

## A.

■ In order for evidence to be admitted under the inevitable discovery exception, the government must demonstrate (1) a reasonable probability that the evidence would have been discovered by lawful means but for the police misconduct; (2) that the police possessed the leads making the discovery inevitable at the time of the misconduct; and (3) that the police were actively pursuing the alternate line of investigation prior to the misconduct. *United States v. Cherry*, 759 F.2d 1196, 1204 (5th Cir.1985). We find the district court's conclusion that the government met this burden to be amply supported by the record.

■ While on the microwave tower, appellant informed the surrounding military personnel that his son's grave could be found approximately one mile inside an area known as the McGregor Range, crossing the railroad tracks and looking to the right of a paved road which was near an access road. The statements made by appellant while on the tower were found admissible by this court on appellant's first appeal. 755 F.2d at 390–92. Thomas Wright, a Fort Bliss Criminal Investigation agent familiar with the surrounding area, testified that from appellant's description and information provided by appellant's wife, a search area approximately one mile wide and six miles long was drawn up.

A search party had begun combing the search area, but before finding the body, they temporarily halted the search and planned to continue the next day with an additional 300 searchers. These searchers would have been able to cover the search area in approximately six hours walking six feet apart. However, these plans were aborted when appellant decided to lead authorities to the body. The gravesite turned

out to be a noticeable mound ten to twelve inches high. It was located within the search area and the body was partially exposed and visible above the ground. The record evidence supported the district court's conclusion that evidence of Steve Wilson's body was within the inevitable discovery exception to the exclusionary rule.

## B.

■ Appellant argues that his sentences violate the double jeopardy clause of the fifth amendment "because there is no element of proof required to establish the offense of injury to a child that were (sic) not proved to establish the offense of murder with malice." The test to determine if two statutes prohibit the same offense is a matter of statutory construction; the court must determine whether each statute requires proof of an additional fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). What appellant fails to recognize is that "the *Blockburger* test is to be applied to the elements of proof required by the statute and not to the actual evidence or proof adduced at trial in a given case." *Davis v. Herring*, 783 F.2d 511, 514 (5th Cir.1986). *See, e.g., United States v. Woodward*, 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985).

■ Although the question presented did not involve double jeopardy, *United States v. Fesler*, 781 F.2d 384 (5th Cir.1986), is dispositive of the present issue. In *Fesler*, the defendants were charged with the federal crime of involuntary manslaughter and the Texas crime of injury to a child, which was made applicable through the Assimilative Crimes Act (ACA), *supra*, because the crime was committed in a federal enclave. The defendants argued they could not be punished under the ACA for the offense of injury to a child because that crime was punishable under the federal crime of manslaughter.

We disagreed stating:

Here, the criminal acts charged are distinct. The Texas penal code states that the victim must be 14 years old or under before all the elements of injury to a child are satisfied. There is no such requirement in the federal offense charged. Moreover, death of a human being, essential to a federal involuntary manslaughter conviction, is not required in the state offense.

*Id.* at 391. Similarly, the federal crime of murder and the state crime of injury to a child each require proof of an additional fact that the other does not. Because the *Blockburger* test is satisfied, appellant's conviction and punishment for both crimes in this case does not implicate double jeopardy concerns.

## C.

■ Appellant contends that he was denied effective assistance of counsel because his counsel moved for and was granted a postponement of the trial. As a result of this action, Webb complains that the government took advantage of the additional time to prepare a superseding indictment which added the two counts of injury to a child to the murder charge already pending against appellant. This contention is frivolous. To establish ineffective assistance of counsel, appellant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693 (1984).

Appellant fails to get beyond his first hurdle. In judging counsel's performance, the "inquiry must be whether counsel's assistance was reasonable considering all the circumstances" with a presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689, 104 S.Ct. at 2066, 80 L.Ed.2d at 694. Appellant's counsel requested the continuance to gain time to complete necessary trial preparation, hardly an unreasonable act by counsel. Appellant asserts that seeking the continuance was unreasonable because he objected to it. Even if we were to consider this sufficient to render counsel's performance

deficient, appellant is unable to establish prejudice resulting from this act. Appellant claims he was prejudiced because the government gained time to prepare the superseding indictment; however, he fails to show a reasonable probability that but for the continuance he would not have been charged with injury to a child. 466 U.S. at 695, 104 S.Ct. at 2069, 80 L.Ed.2d at 698. Appellant introduced a letter he received from the state bar of Texas in response to his request that his counsel be disciplined for seeking the continuance that disputes appellant's argument. Based upon conversations with the prosecutors, the state bar official advised Webb that the government would have sought a continuance in order to prepare the superseding indictment if appellant's counsel had not done so. Because appellant failed to satisfy either prong of the *Strickland* test for ineffective counsel, the district court properly rejected this claim.

### D.

■ Appellant asserts the existence of a fatal variance between the indictment and evidence submitted at trial arguing that the indictment named Steve Marcel Wilson as the victim but no evidence was admitted proving that the body that was found was that of Steve Marcel Wilson. This claim attacks the sufficiency of the evidence proving that the body was that of Steve Wilson. Viewing the evidence in favor of the verdict, *United States v. Cardenas*, 748 F.2d 1015, 1019 (5th Cir.1984), we conclude the jury could reasonably infer that the body was Steve Wilson's.

While on the microwave tower, appellant gave directions to the grave where the body was found after admitting that he killed his son. The evidence showed that the body was that of an abused black child, six to eight years old. Two experts testified that they believed the body was Steve Wilson's. One of the experts was a physical anthropologist who concluded after superimposing a photograph of Steve Wilson over a photograph of the skull found in the grave that the skull "had a good fit" with

Steve Wilson's facial features. Based on this evidence, reasonable jurors could have found beyond a reasonable doubt that appellant did kill Steve Wilson and the body found belonged to Steve Wilson.

### E.

■ Appellant alleges that during closing arguments the prosecutor violated this court's order suppressing the statements made to the FBI concerning the location of his son's body. The prosecutor stated: "Did Mr. Webb tell the FBI where the body was? Did they go out? Did they dig it up? Yes they did. And it was where Mr. Webb told them." Because no objection was made by appellant, we review this contention under the plain error standard: "Did the prosecutor's comments 'undermine the fundamental fairness of the trial and contribute to a miscarriage of justice....'" *United States v. Grubbs*, 776 F.2d 1281, 1288 (5th Cir.1985) (quoting *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 1047, 84 L.Ed.2d 1 (1985)). The remarks in question were based on admitted evidence that the FBI was able to find the victim's grave from the description of its location given by appellant while on the microwave tower. Clearly, no plain error was committed by the district court in allowing the prosecutor to make this statement.

### F.

Appellant alleges that he was denied due process of law because he was not taken before a magistrate immediately upon his arrest by FBI agents. He contends that between his arrest and initial appearance before the magistrate he led government agents to the victim's body before receiving assistance of counsel as he requested. This contention is also meritless. All statements made by appellant during the period he claims he was denied due process of the law were ordered suppressed by this court and a new trial granted. For reasons previously discussed, appellant is not entitled to have the physical evidence of the body

suppressed. Appellant was entitled to no relief on this ground.

### III.

None of appellant's contentions have merit and the judgment of conviction is AFFIRMED.