**Dennis Joseph FLORIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1107–88.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 7, 1990.

commit theft, enter a building not then open to the public without the effective consent of [the complainant], the owner."

Russell G. Burwell, Gregory B. Enos, Texas City, for appellant.

Michael J. Guarino, Dist. Atty., Thomas Rodriguez, and Roger Ezell, Asst. Dist. Attys., Galveston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was charged with injury to a child by omission. V.T.C.A., Penal Code, Section 22.04. In a jury trial appellant was convicted of the charged offense and sentenced to sixty years confinement in the Texas Department of Corrections.

The Houston Court of Appeals affirmed appellant's conviction. *Florio v. State,* 758 S.W.2d 351 (Tex.App.—Houston [14th Dist.] 1988). We granted appellant's petition for discretionary review to consider the following grounds for review: (1) whether the Court of Appeals erred in holding that V.T.C.A., Penal Code, Section 22.04 creates culpability for omissions where there is no statutory duty to act, (2) whether the Court of Appeals erred in holding that V.T.C.A., Penal Code, Section 22.04 can create culpability for omission where there is not a statutory duty to act and (3) whether the Court of Appeals erred in holding that there was any evidence or sufficient evidence that appellant had agreed to care or had taken responsibility for the deceased child.

In light of *Billingslea v. State,* 780 S.W.2d 271 (Tex.Cr.App.1989), we will reverse and address only grounds for review numbers one and three.

Section 22.04 of the Penal Code states in part:

"(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger or to an individual who is 65 years of age or older:

(1) serious bodily injury;

(2) serious physical or mental deficiency or impairment;

(3) disfigurement or deformity;

(4) bodily injury."

In addition, the indictment in this case stated in part:

"And the Grand Jurors do further present that DENNIS JOSEPH FLORIO on or about the 15th day of June, 1985, and anterior to the presentment of this indictment in the county of Galveston and State of Texas, did then and there intentionally and knowingly, by omission to-wit: by failing to seek and provide proper medical care for David McComb and by failing to give David McComb adequate nutrition and by failing to give David McComb adequate liquids and by failing to move and reposition David McComb, did engage in conduct that caused a child, the said David McComb, a child less than 15 years of age, serious bodily injury, and the said DENNIS JOSEPH FLORIO had agreed to care for said child and taken responsibility for said child."

As in *Billingslea,* the indictment in this case bases culpability on omission.[1] Therefore the statutory prerequisites for successful prosecution based on omission must be satisfied. The foundation for criminal omissions is found in V.T.C.A. Penal Code, Section 6.01, which states that a person commits an offense if he "voluntarily engages in conduct, including an act, omission, or possession." Subsection (c) provides that "a person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act." Section 6.01, supra. As Judge Duncan noted in *Billingslea,* Section 6.01 is stated in the disjunctive providing alternative grounds for charging an omission as an offense. The alternative grounds are: (1) a statute may provide that an omission is an offense, or (2) a statute may provide a duty to act and

---

**1.** V.T.C.A. Penal Code, Section 1.07(a)(23) defines omission as the failure to act.

a subsequent failure to act pursuant to that duty is an offense. Judge Duncan, however, pointed out the first ground of Section 6.01, making an omission an offense, begs the question of what constitutes an omission. "Logic dictates that in order for there to be an omission, there must be a corresponding duty to act." *Billingslea*, 780 S.W.2d at 274. See also *Ronk v. State*, 544 S.W.2d 123 (Tex.Cr.App. 1980); *Smith v. State*, 603 S.W.2d 846 (Tex.Cr.App.1980). With the *Billingslea* analysis in hand we turn to an examination of the instant case.

We will adopt the Court of Appeals' rendition of the facts with one exception. The record does not establish a statutory duty of care on the part of appellant to the deceased. In this case the Court of Appeals sought to fashion a duty of sorts by engaging in a recitation of facts that described appellant as babysitter, disciplinarian and caretaker of the deceased. *Florio*, 758 S.W.2d at 354–55. While these facts might establish a moral duty on the part of appellant to care for the deceased, they fall short of establishing the parent-child relationship that imposes statutory duties. See V.T.C.A., Family Code, Section 12.01, et seq. Appellant's status as live-in boyfriend does not provide a basis for prosecution under V.T.C.A., Penal Code, Section 22.04 as codified at the time of this offense.[2]

As we held in *Billingslea*:

"[P]enal provisions which criminalize a failure to act without informing those subject to prosecution that they must perform a duty to avoid punishment are unconstitutionally vague. Where an indictment in Texas fails to allege the deceased child's age, or fails to allege a parent-child relationship, thereby invoking a concomitant *statutory duty* to act in behalf of the child, a conviction based on that indictment is void. Similarly, although the indictment herein alleged sufficient facts to imply both a duty to act and an omission under the common law, the indictment is fundamentally defective in the absence of an allegation reciting a concomitant statutory duty to care for an elderly person. Accordingly, the indictment could not have alleged a statutory duty for the appellant to act in behalf of his ailing parent because no such duty existed." 780 S.W.2d at 276. (footnote omitted and emphasis in original).

In the instant case the indictment failed to allege a parent-child relationship creating a statutory duty to act. Because there is no evidence to establish the parent-child relationship the conviction based on the indictment is void. *Billingslea*, 780 S.W.2d at 276. The State's attempt to prosecute appellant for his omissions was unauthorized by the then existing Penal Code provisions. The judgments of the trial court and the Court of Appeals are reversed. The cause is remanded to the trial court with instructions to dismiss the indictment. Because the conviction in this case is void we need not address the other issue advanced by appellant in his petition for discretionary review.

WHITE, J., concurs in result.

---

**2.** V.T.C.A., Penal Code, Section 22.04, as amended May 29, 1989, S.B. 1154, effective Sept. 1, 1989 provides statutory authority for potential prosecution of actors who have assumed responsibilities of care toward the specified classes of protected individuals.