**Dennis Joseph FLORIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–0187–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 1991.

Rehearing Overruled Aug. 22, 1991.

Discretionary Review Granted Oct. 23, 1991.

David Walker, Galveston, for appellant.

Thomas Rodriguez, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ., concur.

## OPINION

CANNON, Justice.

This is an appeal from the denial of a pretrial application for writ of habeas corpus. TEX.CODE CRIM.PROC.ANN. art. 11.01, *et seq.* Appellant is presently under indictment for murder. TEX.PENAL CODE ANN. § 19.02(a)(1), (2). In a pretrial application for writ of habeas corpus, appellant contended that his prior conviction for injury to a child barred the present prosecution under the doctrine of double jeopardy. U.S. CONST. AMEND. V; TEX. CONST. art. I, § 14; TEX.CODE CRIM.PROC.ANN. art. 1.10. The trial court denied the application after a hearing and appellant brings this appeal. We reverse and remand.

Appellant's sole point of error is that the trial court erred by denying his pretrial application for writ of habeas corpus, thus, rejecting his claim of double jeopardy. In 1985, the infant son of appellant's live-in girlfriend died as a result of an infection caused by injuries from multiple blunt trauma to the infant's abdomen and rectum. Appellant was charged under a multiple count, multiple paragraph indictment as follows:

### Count I

#### Paragraph I

THE GRAND JURORS for the County of Galveston, State aforesaid, duly organized as such at the July Term. A.D. 1985, of the District Court of said County 122nd Judicial District of Texas, upon

their oaths in said Court present that DENNIS JOSEPH FLORIO on or about the 15th day of June A.D. One Thousand Nine Hundred and Eighty–Five, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally and knowingly cause the death of an individual, [the complainant], by striking and hitting him with an instrument which is to the Grand Jurors unknown and by inserting an object which is to the Grand Jurors unknown into the rectum of the said [complainant],

### Paragraph II

And the Grand Jurors do further present that DENNIS JOSEPH FLORIO on or about the 15th day of June, 1985, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there, intending to cause serious bodily injury to an individual, [the complainant], intentionally and knowingly commit an act clearly dangerous to human life, to wit: by then and there striking and hitting the said [complainant] with an instrument which is to the Grand Jurors unknown and by inserting an object which is to the Grand Jurors unknown into the rectum of the said [complainant] thereby causing the death of said individual,

### Paragraph III

And the Grand Jurors do further present that DENNIS JOSEPH FLORIO on or about the 15th day of June, 1985, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally and knowingly commit the felony offense of Injury to a Child, and while in the course and furtherance of the commission of said offense did then and there intentionally and knowingly commit an act clearly dangerous to human life, to wit: did then and there strike and hit an individual, [the complainant], with an instrument which is to the Grand Jurors unknown and by inserting an object which is to the Grand Jurors unknown into the rectum of the said [complainant]

and did thereby cause the death of said individual,

### Count II

### Paragraph I

And the Grand Jurors do further present that DENNIS JOSEPH FLORIO on or about the 15th day of June, 1985, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally and knowingly by an act, to wit: by striking and hitting an individual, [the complainant], with an instrument unknown to the Grand Jurors and by inserting an instrument unknown to the Grand Jurors into the rectum of the said [complainant] did engage in conduct that caused a child, the said [complainant], a child less than 15 years of age, serious bodily injury,

### Paragraph II

And the Grand Jurors do further present that DENNIS JOSEPH FLORIO on or about the 15th day of June, 1985, and anterior to this indictment in the County of Galveston and State of Texas, did then and there intentionally and knowingly by an act, to wit: by biting [the complainant], did engage in conduct that caused a child, the said [complainant], a child less than 15 years of age, serious bodily injury,

### Paragraph III

And the Grand Jurors do further present that DENNIS JOSEPH FLORIO on or about the 15th day of June, 1985, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally and knowingly, by omission, to wit: by failing to seek and provide proper medical care for [the complainant], by failing to give [the complainant] adequate nutrition and by failing to give [the complainant] adequate liquids, and by failing to move and reposition [the complainant], did engage in conduct that caused a child, the said [complainant], a

child less than 15 years of age, serious bodily injury, and the said DENNIS JOSEPH FLORIO had agreed to care for said child and had taken responsibility for said child,

Paragraph IV

And the Grand Jurors do further present that DENNIS JOSEPH FLORIO on or about the 15th day of June, 1985, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally and knowingly, by omission, to wit: by failing to seek and provide proper and adequate supervision, did engage in conduct that caused a child, the said [complainant], a child of less than 15 years of age, serious bodily injury, and the said DENNIS JOSEPH FLORIO had agreed to care for said child and had taken responsibility for said child,

Count III charged appellant with a lesser-included offense of injury to a child and is not set out above because it is not material to this discussion. Count I charges appellant with three paragraphs of first degree murder. Each paragraph alleges one of the three types of first degree murder by identical manner and means, i.e., by striking the victim with an unknown instrument and by inserting an unknown object into the victim's rectum. Count II charges appellant with two paragraphs of injury to a child by act and two paragraphs of injury to a child by omission. Paragraph I alleges injury to a child by act, i.e., by striking the victim with an unknown instrument, etc. Paragraph II also alleges injury to a child by act but by different manner and means, i.e., by biting. Paragraph III alleges injury to a child by omission, i.e., by failure to seek and provide adequate medical care, etc. Paragraph IV also alleges injury to a child by omission but by different manner and means, i.e., by failure to provide proper and adequate supervision.

On September 15, 1986, the above cause was called for trial. Prior to voir dire, the trial court granted appellant's motion requiring the State to elect under which count it wished to proceed. The State chose to proceed only under count II. After the jury was impaneled and sworn, the State abandoned paragraph I of count II. Paragraphs II and III were submitted to the jury but paragraph IV inexplicably was not. The jury convicted appellant under paragraph II and this Court affirmed. *Florio v. State*, 758 S.W.2d 351 (Tex.App.—Houston [14th Dist.] 1988, pet. granted).

The Court of Criminal Appeals reversed the conviction, holding that the indictment failed to allege a parent-child relationship which would have created a statutory duty on the part of appellant to act on behalf of the child, and that absent such a showing, no statutory duty existed. *Florio v. State*, 784 S.W.2d 415, 417 (Tex.Crim.App.1990). That Court held that the conviction based on the indictment was void and remanded the cause to the trial court with instructions to dismiss the indictment. *Id.* The present one-count indictment charges appellant with murder. The two paragraphs in that indictment are identical to paragraphs I and II of count I in the 1985 indictment.

■ Initially, we address the State's contention that jeopardy can only attach upon a good and sufficient indictment. The State argues that the Court of Criminal Appeals reversed appellant's conviction based on a defective indictment and, thus, there was in theory no conviction to which jeopardy could attach. *Ex parte Quirke*, 710 S.W.2d 582 (Tex.Crim.App.1986). The Court of Criminal Appeals held only that appellant's conviction for injury to a child by omission was void. *Florio*, 784 S.W.2d at 417. It did not hold that the indictment was defective. *Id.* While the Court ordered dismissal of the indictment, nevertheless, the indictment validly alleged that appellant committed the offense of injury to a child by an act. Hence, the prior prosecution was based upon a valid indictment.

■ Next, we determine whether the State's abandonment of paragraph I of count II in the first trial terminated jeopardy as to the conduct alleged therein. It is settled law that jeopardy attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57

L.Ed.2d 24 (1978); *McElwee v. State,* 589 S.W.2d 455 (Tex.Crim.App.1979). Once jeopardy attaches, the accused remains under the initial jeopardy unless a mistrial is declared without a "manifest necessity" for doing so, or until a final judgment is rendered. *Ex parte McAfee,* 761 S.W.2d 771, 773–74 (Tex.Crim.App.1988). Absent a mistrial or a final judgment, the accused may be retried for the same offense without violating the double jeopardy clauses. *Id.* Jeopardy did not attach to count I in the first trial because the State abandoned it before the jury was impaneled and sworn. Paragraph I of count II, however, was not abandoned until after the jury was sworn and impaneled.

Appellant argues that the State's abandonment of paragraph I after jeopardy attached in the first trial amounts to an acquittal of the offense alleged therein. Appellant asserts that when a count is abandoned after jeopardy attaches in a first trial, a subsequent prosecution on that count is barred by double jeopardy when a verdict and judgment in the first trial was rendered on another count actually submitted to the jury. In other words, appellant contends that jeopardy terminates on a count abandoned in a first trial when a verdict and judgment are rendered.

The State asserts that neither count I nor paragraph I of count II were submitted to the jury in the first trial and, thus, a prosecution for conduct alleged under both is not barred by double jeopardy. Hence, the State contends that jeopardy does not terminate on a count when it is abandoned, but rather only when it is actually submitted to the jury and a verdict and judgment are rendered thereon. Both appellant and the State cite *Ex parte McAfee.*

In *McAfee,* the defendant was indicted on two counts of theft of a motor vehicle and unauthorized use of the identical motor vehicle arising out of the same transaction. At the first trial, the State abandoned the theft count and submitted only the unauthorized use count. The jury was unable to reach a verdict and the trial judge declared a mistrial. At the second trial, the same scenario occurred. At the third trial, the trial court granted the State's motion to dismiss the unauthorized use count and the defendant pled guilty to the theft count. On a post-conviction application for writ of habeas corpus, the defendant argued that the State's abandonment of the theft count after jeopardy attached in the first trial was tantamount to acquittal of that offense, citing *Garza v. State,* 658 S.W.2d 152 (Tex.Crim.App.1982). *McAfee,* 761 S.W.2d at 771–772.

In *Garza,* the Court announced the general rule that abandonment of a count after jeopardy attaches in a first trial bars a subsequent prosecution on that count, regardless of whether the first trial resulted in a mistrial or a verdict. *Garza,* 658 S.W.2d at 158–159 (opinion on State's motion for rehearing). In other words, *Garza* held that jeopardy terminates on a count when it is abandoned after jeopardy attaches. The Court in *McAfee* narrowed *Garza,* holding that jeopardy terminates on a count abandoned after jeopardy attaches only when a verdict and judgment are rendered. *McAfee,* 761 S.W.2d at 773; *See Proctor v. State,* 806 S.W.2d 252, 254 (Tex. App.—Eastland 1991, pet. pending).

In the instant case, the State abandoned not only a count, but also a paragraph in a count. For purposes of double jeopardy, we see no distinction between abandonment of a count and abandonment of a paragraph. Since the State abandoned paragraph I of count II after jeopardy attached, and since the jury rendered a verdict on other paragraphs submitted, we hold that jeopardy terminated as to paragraph I and that abandonment of that paragraph after the jury was sworn and impaneled was tantamount to an acquittal on the conduct alleged therein.

Having determined that jeopardy terminated as to paragraph I in the 1985 indictment and that appellant was acquitted of the conduct alleged therein, we now determine whether that bars the present prosecution for murder. The Double Jeopardy Clause embodies three protections: "It protects against a second prosecution for the same offense after acquittal [what we have here]. It protects against a second prose-

cution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990) (citing *North Carolina v. Pierce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)).

 To determine whether a subsequent prosecution is barred by double jeopardy, the first step requires application of the *Blockburger* test. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. 284 U.S. at 304, 52 S.Ct. at 182. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser-included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. *Grady,* 110 S.Ct. at 2090 (citing *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187 (1977)). If the offenses have different statutory elements or one is not a lesser-included offense of the other, then the inquiry must continue to determine whether the State, to establish an essential element of an offense charged, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. 110 S.Ct. at 2093.

 Appellant contends that the offense of injury to a child is a lesser-included offense of murder. TEX.CODE CRIM.PROC. ANN. art. 37.09(2). Appellant asserts that paragraph I in the 1985 indictment does not

pass the *Blockburger* test because it is identical to the murder count in the present indictment, except for the degree of injury alleged. We find no cases which hold that injury to a child is a lesser-included offense of murder.[1] Nonetheless, the offenses are not identical. To prove injury to a child, proof that the victim is 14 years old or under is required before all the other elements of the offense are satisfied. *United States v. Webb,* 796 F.2d 60, 63 (5th Cir. 1986); TEX.PENAL CODE ANN. § 22.04(c)(1). Proof of the victim's age is not required in a prosecution for murder. In addition, proof that the defendant committed an act clearly dangerous to human life is required to prove murder under paragraph II of the present indictment. Proof of such an act is not required in a prosecution for injury to a child as alleged in paragraph I of the 1985 indictment. Thus, under *Blockburger,* injury to a child and murder do not constitute the same offense because each offense requires proof the other does not. The inquiry, however, does not end there.

 We must now determine whether the State, to establish the essential element of murder, will prove conduct that constitutes the offense alleged in paragraph I of the 1985 indictment, for which appellant was previously acquitted. *Grady,* 110 S.Ct. at 2093; *Ex parte Ramos,* 806 S.W.2d 845, 847 (Tex.Crim.App.1991). This is not an "actual evidence" or "same evidence" test. *Id.* The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. *Id.*

 Clearly, both paragraph I in the 1985 indictment and the paragraphs in the present indictment allege criminal conduct

---

1. *Pope v. State,* 509 S.W.2d 593 (Tex.Crim.App. 1974) has been cited as authority for the proposition that the offense of injury to a child is a lesser-included offense of murder. In *Pope,* the jury was charged in the alternative with regard to the offenses of assault with intent to murder with malice, assault with intent to murder without malice, and intentional infliction of physical injury upon a child fourteen years of age or younger. The jury found the defendant guilty of the last offense even though the statute prohibiting such conduct was not yet in effect. For that reason, the Court found that intentional

infliction of physical injury upon a child was not in fact a lesser-included offense of assault with intent to murder. The Court, however, held that the jury's finding that the defendant committed the offense of intentional infliction of injury upon a child was tantamount to an acquittal of the offense of assault with intent to murder for purposes of double jeopardy. We note that *Pope* is distinguishable because it involved the old Penal Code offense of assault with intent to murder. TEX.PENAL CODE art. 1160, *repealed by* Acts 1973, 63rd Leg., ch. 399, § 1 1973 Tex.Gen.Laws 883.

by identical manner and means, i.e., by striking the victim with an unknown instrument and by inserting an unknown instrument into the victim's rectum. It cannot be doubted that the State will use the same criminal conduct for which appellant has already been acquitted in order to prove the present offense of murder. Hence, we hold that the present prosecution is barred by double jeopardy. Accordingly, we reverse the judgment below and remand to the trial court with orders to dismiss the indictment.