The STATE of Texas

v.

Dennis Joseph FLORIO, Appellant.

No. 1103–91.

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1992.

Rehearing Denied Jan. 27, 1993.

---

David P. Walker, Galveston, for appellant.

Michael L. Guarino, Dist. Atty. and B. Warren Goodson, Jr., Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was charged, via a multiple count and multiple paragraph indictment, with causing injuries inflicted upon a child, alleged to have occurred on or about June 15, 1985. In September of 1986, he was convicted by a jury in the 10th Judicial District Court of Galveston County, Texas, of felony injury to a child. The jury then assessed a sentence of 60 years confinement. That conviction and sentence was reversed on appeal in *Florio v. State*, 784 S.W.2d 415 (Tex.Cr.App.1990). Appellant was then reindicted in a single count two-paragraph indictment alleging murder. Appellant appealed the trial court's denial of his pretrial application for writ of habeas corpus relief which alleged that prosecution of the instant reindictment violated his double jeopardy protections. The court of appeals agreed with appellant and remanded the cause to the trial court with orders to dismiss the reindictment. *Florio v.*

*State*, 814 S.W.2d 778 (Tex.App.—Houston [14th Dist.] 1991). We granted the State's sole ground seeking review of the court of appeals' decision.

### I.

### SUMMARY OF PERTINENT FACTS

The record reflects that in the first trial, the State proceeded upon a three-count indictment.[1] Count 1 alleged murder in three separate paragraphs. Count 2 alleged injury to a child as a first-degree felony in four separate paragraphs. Count 3 alleged injury to a child as a third-degree felony in three separate paragraphs. All of the various allegations alleged the same date of occurrence, i.e. on or about June 15, 1985.

The record reflects that before the jury selection voir dire questioning began, appellant sought for the State to elect as to what it was proceeding to trial upon. The prosecutor explicitly stated into the record that "[c]ount 2 is what we will proceed on, ..., which is injury to a child, first degree." Appellant's attorney then explained to appellant, on the record, in great detail that the State was only proceeding upon all four paragraphs of the second count and was eliminating the first and third counts, but that it might be able to later try him on the murder allegations contained in Count 1. Appellant's attorney very explicitly pointed out that the State "may come back and try [appellant] on the first count if [it] so desire[d][.]" The jury selection process then began and a petit jury was eventually seated and sworn.

Count 2 consisted of four paragraphs alleging injury to a child as a first degree felony. Paragraph one alleged intentional and knowing conduct, specifically striking and hitting with an instrument, and inserting an instrument, which caused serious bodily injury. Paragraph two alleged intentional and knowing conduct, specifically biting the child, which caused serious bodily injury. Paragraph three alleged inten-

---

1. Actually, the instrument was a reindictment under the same cause number which added two counts to the original indictment.

tional and knowing conduct, specifically by omission in failing to do several acts of care for the child, which caused serious bodily injury. Paragraph four alleged intentional and knowing conduct, specifically by omission in failing to seek and provide proper and adequate supervision, which caused serious bodily injury.

After the State had rested and appellant was arguing a motion for instructed verdict, the State "move[d] to abandon" paragraph one. The prosecutor stated that he did not want to submit paragraph one of count 2 to the jury. The trial court then stated, "The State's motion to abandon [p]aragraph I of [c]ount II of the indictment is granted." The trial court then overruled appellant's motion with respect to the other three counts. However, for some reason which neither the record nor the parties explain, only the allegations of paragraphs two and three were submitted to the jury in the charge. The jury was instructed in the charge that unless it found beyond a reasonable doubt guilt as alleged in paragraph two, it would acquit appellant of injury to a child as alleged in paragraph two and next consider whether he was guilty of injury to a child as alleged in paragraph three. The verdict form, which is entitled *"VERDICT CHOSE [sic] ONE ANSWER ONLY*[,]" leaves the space regarding paragraph two blank while only the next section indicating a finding of "guilt" with respect to the allegation "charged in [p]aragraph [three]" is signed by the jury foreman. The jury proceeded to punishment and as noted above assessed a sentence of 60 years confinement.

## II.

## PROCEEDINGS BELOW

As mentioned above, that conviction and sentence was reversed on appeal in *Florio v. State,* 784 S.W.2d 415 (Tex.Cr.App.1990). This Court's discussions dealt only with the allegation on which appellant was convicted, i.e. paragraph three of count 2.

Upon remand, in 1990 the State reindicted appellant in a single-count two paragraph instrument alleging murder. Paragraph one of the 1990 reindictment alleged intentionally and knowingly causing death by striking and hitting with an instrument, and by inserting an object. Paragraph two alleged that appellant, intending to cause serious bodily injury, intentionally and knowingly committed an act clearly dangerous to human life, specifically by striking and hitting with an instrument, and by inserting an object, thereby causing death.

In the trial court, appellant filed an "Application For Pre-trial Writ of Habeas Corpus" which alleged that the prosecution in the instant cause via the above-described reindictment violated his "rights to be protected against being put in jeopardy more than once for the same offense[.]" The Application specifically averred that the State's above-described abandonment of paragraph one of count two in the indictment in the first trial "necessarily determined the issue adversely to the prosecution[.]" The trial court found that appellant's application "does not sustain a double jeopardy claim which would entitle [him] to relief" and accordingly denied the application.

The Fourteenth Court of Appeals disagreed with the trial court and held "that the present prosecution [wa]s barred by double jeopardy." *Florio v. State,* 814 S.W.2d 778, 784 (Tex.App.—Houston [14th Dist.] 1991). It concluded that "[c]learly, both paragraph [one] in the 1985 indictment and the paragraphs in the present indictment allege criminal conduct by identical manner and means[.]" *Id.* at 784. Because it could not be doubted that the State would use the same criminal conduct for which appellant had already been acquitted in order to prove the presently alleged murder offense, the court of appeals concluded that the instant prosecution is barred by double jeopardy and accordingly reversed the judgment below and remanded to the trial court with orders to dismiss the indictment. *Id.* at 784.

## III.

## THE STATE'S CLAIM

The State's ground for review avers error by the court of appeals in reversing the

trial court's decision to deny appellant's double jeopardy claim. Specifically, the State claims that the general terms of the 1985 and 1990 indictment description of conduct, i.e. hitting and striking with an instrument and inserting an instrument or object, "fails to specifically state the exact same conduct[.]" It also notes that in the first trial it "dismissed [p]aragraph [one] of [c]ount [two] of the 1985 indictment without offering proof of any conduct." It avers that the absence of such proof resulted in "no issue of fact or conduct [being] determined in [appellant]'s first trial regarding the elements of murder set out in the 1990 indictment[.]" The State also argues that because it abandoned the murder count (number 1) of the 1985 indictment prior to the jury being empaneled and sworn, jeopardy never attached thereon. It also points out that the jury never returned a verdict on that abandoned murder count or on the abandoned injury to a child count 2/paragraph one allegation of the 1985 indictment "which alleged the same manner and means of causing the injury to the child [complainant] as [does] the 1990 murder indictment[.]"

The State also claims that double jeopardy does not bar the instant prosecution because the reversal of the first conviction was based upon a finding that the 1985 indictment was void. It alleges that since jeopardy only attaches upon a good and sufficient indictment, there was nothing for jeopardy to attach to because the first trial's indictment was void. It insists that the first conviction was reversed because of a void or fundamentally defective indictment.

## IV.

## MERITS OF THE STATE'S CLAIM

We observe that our opinion dealing with the first trial's indictment stated that the conviction, rather than the indictment, was void. *Florio v. State,* 784 S.W.2d at 417. There was no holding or discussion of any claim that there was a defect in any of the paragraphs other than paragraph three.

*Id.* Even now there is no claim that the abandoned paragraph one was defective in any way. A count is sufficient if any one of its paragraphs is sufficient, and an indictment is sufficient if any one of its counts is sufficient. Article 21.24(c), V.A.C.C.P. Thus the State's claim that the first trial's indictment was void is without merit.

As noted above, before the jury selection voir dire questioning began, the State properly took affirmative action on the record and received the consent of the trial court to preserve counts 1 and 3 for future prosecution. *Ex parte Preston,* 833 S.W.2d 515 (Tex.Cr.App.1992). Therefore, jeopardy only attached to count 2 and its four paragraphs.[2] Thus, jeopardy did not attach to the murder allegations in count 1. However, jeopardy did attach to the allegations of paragraph one of count 2.

■■■ As noted previously, paragraph one of count 2 alleged injury to a child via intentional and knowing conduct, specifically striking and hitting with an instrument, and inserting an instrument, which caused serious bodily injury. As also noted previously, after presenting its evidence at trial the State chose to abandon that paragraph. If, after jeopardy attaches, a charge is dismissed/waived/abandoned, the State is barred from later relitigating those allegations. *Ex parte Preston,* 833 S.W.2d 515 (Tex.Cr.App.1992); *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App.1974); *Black v. State,* 143 Tx.Cr.R. 318, 158 S.W.2d 795 (1942); *Gilliam v. State,* 131 Tx.Cr.R. 8, 96 S.W.2d 86 (1936). Thus in light of the State's above-described actions at trial in abandoning paragraph one of count two, it is precluded from relitigating those allegations.

■■■ Also of importance is the United States Supreme Court's recent interpretation of double jeopardy protections against multiple prosecutions in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d

---

**2.** It is very well-settled that in a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct.

2156, 2162, 57 L.Ed.2d 24, 33 (1978); *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr.App.1979).

548 (1990).[3] *Grady* held that the double jeopardy protections bar any subsequent prosecution in which the State, to establish an essential element of the offense which is the subject of that subsequent prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Id.* The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. *Grady*, 495 U.S. at 521–22, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

We have recently articulated an analytical framework for determining whether the standards of *Grady* barred a subsequent prosecution. *Ex parte Ramos*, 806 S.W.2d 845 (Tex.Cr.App.1991). We must look at the underlying conduct in question to determine whether: 1) this is conduct constituting an offense (hence, "criminal conduct"); 2) the defendant has already been prosecuted for "this criminal conduct;" and 3) this "criminal conduct" will be used to establish an essential element of the offense charged at the subsequent prosecution. *Id.* at 847. Only if the conduct meets all three parts of this test will the latter prosecution be barred by double jeopardy. *Id.* We shall now conduct such analysis in the instant cause.

In the instant cause, the underlying conduct in question relates to the allegations in the 1990 indictment, i.e. its two paragraphs alleging murder by causing death by striking and hitting with an instrument, and by inserting an object. This is certainly conduct constituting an offense, i.e. "criminal conduct." *See*, e.g., V.T.C.A. Penal Code, §§ 22.04 and 19.02. Based upon our prior discussion and conclusion that jeopardy did attach to the first trial's indictment's allegations in paragraph one of count 2 (which alleged injury to a

child via intentional and knowing conduct, specifically striking and hitting with an instrument, and inserting an instrument, which caused serious bodily injury), we conclude that appellant has already been prosecuted for this conduct constituting an offense. Keeping in mind that the critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct, we also conclude that this "criminal conduct" will be used to establish an essential element of the offense, i.e. murder, charged at the subsequent prosecution.[4]

Because the underlying conduct does meet all three parts of the above-described test, we hold that the court of appeals did not err in reversing the trial court's decision to deny appellant's double jeopardy claim. Accordingly, we overrule the State's ground for review and affirm the judgment of the court of appeals.

McCORMICK, P.J., concurs in result.

BENAVIDES, J., not participating.

3. The State specifically agrees with the court of appeals' conclusion regarding double jeopardy analysis per *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). There is therefore no need for any discussion of the *"Blockburger* Test."

4. We point out that the elements of the murder allegations include: regarding paragraph one— intentionally or knowingly causing the death of an individual; and regarding paragraph two— intending to cause serious bodily injury, and

committing an act clearly dangerous to human life that causes the death of an individual. The "criminal conduct" of the first trial's paragraph one of count 2 will clearly be used to establish an essential element of the murder offense, namely causing the death of the individual, as the allegations in both of the 1990 reindictment's murder paragraphs specifically allege that the precise same acts (i.e. striking-hitting-inserting) caused the death.