**The STATE of Ohio, Appellee,**

v.

**WILSON, Appellant.**

[Cite as *State v. Wilson* (1994), 97 Ohio App.3d 333.]

Court of Appeals of Ohio,
Warren County.

No. CA94–01–005.

Decided Sept. 19, 1994.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Gregory M. Clark,* Assistant Prosecuting Attorney, for appellee.

*Paris K. Ellis,* for appellant.

*Per Curiam.*

On June 3, 1993, Detective John L. Pennington of the Warren County Drug Task Force received an anonymous telephone tip that defendant-appellant, Michael E. Wilson, a tall man wearing an eye patch, would be traveling with an elderly woman in a vehicle with Florida plates on June 4, 1993. The caller thought that appellant might stop at appellant's mother's residence in Franklin, Warren County, around noon on that day with an unknown amount of marijuana.

Based upon the foregoing information, police set up surveillance of appellant's mother's residence on June 4, 1993 at 11:00 a.m. The surveillance team consisted of Detective James R. Thacker and Officer Russell Whitman of the Franklin Police Department, Detective J.R. Abshear of the Warren County Sheriff's Department, and Detective Pennington. At 1:20 p.m., the police observed a vehicle and people fitting the description received the day before pulling into the driveway. Detective Thacker and Officer Whitman pulled into the driveway behind appellant's vehicle. By then, appellant had already exited his car and entered his mother's residence. Detective Thacker followed appellant into the house with his gun drawn. Officer Whitman also had his gun drawn.

Inside the residence, Detective Thacker apprehended appellant, patted him down for weapons, and asked him to step outside. Once outside, Detective Thacker told appellant they had reason to believe that he was transporting marijuana from Florida. Appellant responded, "You got me," and told the police that the marijuana was in a bag in the car. Appellant then consented to a search of his car. The police found a small duffel bag containing five pounds of marijuana. Appellant was later arrested and read his *Miranda* rights. At no time did the police have a search warrant or an arrest warrant.

On June 21, 1993, appellant was indicted for trafficking in marijuana in violation of R.C. 2925.03(A)(6) and permitting drug abuse in violation of R.C. 2925.13(A). On August 10, 1993, appellant filed a motion to suppress, which was

denied by the trial court on September 21, 1993. The trial court found that appellant was arrested when he was apprehended by Detective Thacker inside the residence. The trial court held that, under the totality of the circumstances, appellant's arrest was illegal and his consent to the search invalid. However, the trial court held that the marijuana should not be suppressed. The trial court found that based upon the "inevitable discovery exception" and the fact that the police had a drug dog on standby, "the dog would have provided the link of probable cause for the issuance of a warrant to search the vehicle and then the defendant's arrest." On October 25, 1993, appellant pleaded no contest. On January 6, 1994, the trial court sentenced appellant to serve a definite term of eighteen months for the offense of trafficking in marijuana. A concurrent sentence of thirty days was imposed for the offense of permitting drug abuse. Appellant timely filed this appeal and raises two assignments of error.

In his first assignment of error, appellant argues that the trial court erred in finding that the anonymous tip received by the police officers justified their initial intrusion as an investigatory stop. Contrary to appellant's argument and to the trial court's finding, appellant was never stopped by the officers before they arrested him. We also find that this issue is not relevant to the significant issue of whether the marijuana should have been suppressed. We therefore will not address the issue of the investigatory stop raised in appellant's first assignment of error.

In his second assignment of error, appellant argues that the trial court erred when it concluded that the "inevitable discovery exception" applied in the case at bar. We agree.

The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution require the police to obtain a warrant based upon probable cause before they conduct a search. However, the warrant requirement is subject to a number of well-established exceptions. *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576.

The "inevitable discovery exception" is such an exception. Under this exception, evidence obtained in violation of a constitutional right may be properly admitted at trial if it can be shown that such evidence would have been ultimately or inevitably discovered during a lawful investigation if no constitutional violation had taken place. *Nix v. Williams* (1984), 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377. The Ohio Supreme Court adopted the "inevitable discovery exception" in *State v. Perkins* (1985), 18 Ohio St.3d 193, 196, 18 OBR 259, 261–262, 480 N.E.2d 763, 766.

■ For evidence to be admitted under the "inevitable discovery exception," the state must demonstrate (1) a reasonable probability that the evidence would have been discovered by lawful means but for the police misconduct, (2) that the police possessed the leads making the discovery inevitable at the time of the misconduct, and (3) that the police were actively pursuing an alternate line of investigation prior to the misconduct. *United States v. Buchanan* (C.A.6, 1990), 904 F.2d 349, 356, quoting *United States v. Webb* (C.A.5, 1986), 796 F.2d 60.

■ In the case at bar, the trial court found that appellant had been illegally arrested and that his subsequent consent to the search of his car was invalid, as it was "the fruit of an improper arrest." However, the trial court found, and so argues appellee, that the marijuana would have been inevitably discovered, as police officers had a drug dog on standby to sniff appellant's car. The trial court held that under the "inevitable discovery exception," "the dog would have provided the link of probable cause for the issuance of a warrant to search the vehicle * * *." We disagree. First, although police officers had a drug dog on standby, they never used the dog to locate the marijuana in appellant's car. However, even if the dog had been used, that would not have dispensed with the need for the police officers to obtain a search warrant. Second, assuming *arguendo* that the anonymous tip received by the police officers, as corroborated by their independent work, and the use of the drug dog may have satisfied the first two prongs of *Buchanan, supra,* they do not satisfy the third prong. The police officers were not pursuing an alternate line of investigation of appellant independently from the investigation which illegally discovered the evidence. Rather, the officers went with the drug dog to appellant's mother's residence to set up surveillance based upon the anonymous tip. This was the only ongoing investigation of which the dog was a part. By illegally arresting appellant in his mother's residence, the officers tainted the only investigation which was proceeding. Accordingly, we find that the marijuana found in appellant's car is not admissible as evidence that "inevitably" would have been discovered pursuant to an obtainable search warrant. Thus, the trial court incorrectly denied appellant's motion to suppress, and appellant's second assignment of error is well taken and sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed, and appellant is hereby discharged.

*Judgment reversed.*

WALSH, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.