

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# Webb v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2566

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Webb v. Williamson" (2007). *2007 Decisions.* Paper 193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-2566
_____

KEITH BRYAN WEBB,

Appellant


v.

WARDEN TROY WILLIAMSON;
UNITED STATES PAROLE COMMISSION;
LEGISLATIVE BRANCH OF THE UNITED STATES;
THOMAS MARINO

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00778)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2007

Before: AMBRO, FUENTES and FISHER, <u>Circuit Judges</u>

(Filed: November 26, 2007)
_____

OPINION
_____


PER CURIAM

Keith Webb appeals the District Court's order denying his petition filed pursuant

to 28 U.S.C. § 2241. The facts of Webb's conviction, parole proceedings, and current claims are well known to the parties and need not be addressed in detail. Briefly, in 1985, Webb was sentenced to life in prison. In August 2005, the United States Parole Commission refused to release Webb on parole. After unsuccessfully appealing that decision to the National Appeals Board, Webb filed his § 2241 petition in the District Court for the Middle District of Pennsylvania. The District Court denied the petition, and Webb filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Funari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000). We agree with the District Court that Webb's claims are without merit. Webb argues that the District Court did not address his claim that the application of parole guidelines enacted after the commission of his crime violates the Ex Post Facto Clause. Even if Webb could show that the parole guidelines should be considered laws, see United States ex rel. Forman v. McCall, 776 F.2d 1156, 1163 (3d Cir. 1985), he has not shown a significant risk of an increase in punishment. See Garner v. Jones, 529 U.S. 244, 255 (2000).

For essentially the reasons given by the District Court, we will affirm the District Court's judgment. Webb has filed a motion seeking to seal this opinion. Because we have not gone into the details of Webb's crime, we will deny his motion. Any concerns Webb has for his safety should be directed to the appropriate prison officials.

2