DLD-285                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2022
_____

KEITH BRYAN WEBB,
                                        Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-17-cv-00321)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2018

Before: JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 21, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Keith Bryan Webb (also known as Keith Bryan Webb-El, federal inmate number BOP Reg. No. 19665-080) appeals from the dismissal of a habeas corpus petition that he filed under 28 U.S.C. § 2241. We will affirm.

Since 1985, Webb has been serving a life sentence imposed by the United States District Court for the Western District of Texas for the second-degree murder of his six-year-old son. Webb has collaterally challenged his conviction in his sentencing court and in its Court of Appeals on many occasions. See, e.g., United States v. Webb, 165 F.3d 24 (Table), No. 97-50879, 1998 WL 870648, at *1 (5th Cir. Dec. 1, 1998) (affirming denial of Webb's third motion under 28 U.S.C. § 2255).

Webb also has filed numerous § 2241 habeas petitions in his various districts of confinement, including at least three within this Circuit. See, e.g., Webb v. Williamson, 255 F. App'x 612 (3d Cir. 2007). In some of his petitions in other Circuits, Webb has claimed that he is actually innocent because his superseding indictment issued July 16, 1985, did not properly charge him with the elements of second-degree murder. Those petitions have proven unsuccessful. See, e.g., Webb v. Figiel, 697 F. App'x 250 (4th Cir. 2017) (affirming denial of § 2241 petition filed in the Northern District of West Virginia); Webb-El v. Stewart, 620 F. App'x 177 (4th Cir. 2015) (affirming dismissal of § 2241 petition filed in the District of Maryland).

At issue here is another § 2241 petition that Webb filed within this Circuit and in which he again claimed that he is innocent because his 1985 superseding indictment was deficient. The District Court dismissed his petition for lack of jurisdiction on the ground

2

that § 2255 motions are the presumptive means for federal prisoners to challenge their sentences and that Webb's claim does not qualify to proceed under § 2241 on the theory that we recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Webb appeals.

Federal prisoners do not require a certificate of appealability to appeal from the denial of a § 2241 petition.  See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).  Thus, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We will affirm for the reasons stated by the District Court.  We add only that challenges based on Webb's 1985 superseding indictment have been available to him since his direct appeal. See United States v. Webb, 796 F.2d 60, 64 (5th Cir. 1986) (rejecting Webb's argument that there was a fatal variance between the superseding indictment and the evidence presented at trial).  Webb's motions are denied[1]

---

[1] Those motions include Webb's motion to order his Warden to produce a copy of the superseding indictment, see Webb-El v. Kane, 723 F. App'x 1, 1 (D.C. Cir. 2018) (denying Webb's "motion to produce a superseding indictment"), and Webb's motion to "adhere to" Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018), which addressed plain error review of Sentencing Guidelines errors and which is unrelated to Webb's claim.