[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13960

Non-Argument Calendar

_____

KEITH BRYAN WEBB,

                                                Petitioner-Appellant,

*versus*

WARDEN, FCC COLEMAN 1,

                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cv-00475-TPB-PRL

_____

Before WILLIAM PRYOR, Chief Judge, LAGOA and ANDERSON, Circuit Judges.

PER CURIAM:

Keith Bryan Webb, a federal prisoner, appeals *pro se* the *sua sponte* dismissal of his successive motion to vacate his sentence. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and dismiss as moot the motion to stay the briefing schedule.

"Section 2255 allows a federal prisoner to seek post-conviction relief from a sentence imposed in violation of the Constitution or laws of the United States or if it is otherwise subject to collateral attack." *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). A federal prisoner must file a motion to vacate, 28 U.S.C. § 2255, to collaterally attack the legality of his sentence. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). The prisoner must obtain permission from "the appropriate court of appeals" to file a second or successive motion to vacate. 28 U.S.C. § 2255(h). "Without authorization, [a] district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Summary affirmance is appropriate because there is no substantial question that the district court lacked jurisdiction to entertain Webb's motion to vacate. *See Groendyke*, 406 F.2d at 1162. Despite labeling his filing as a petition for a writ of habeas corpus, 28 U.S.C. § 2241, Webb challenged the life sentence he received for murdering his son. *United States v. Webb*, 796 F.2d 60, 62 (5th Cir. 1986). He repeated the argument made in several postconviction motions that his conviction and sentence were unconstitutional due to a flaw in his indictment. *In re Webb*, 575 U.S. 994 (2015) (dismissing petition for writ of habeas corpus and restricting future filings); *Webb v. Warden Allenwood USP*, 735 F. App'x 42 (3d Cir. 2018) (affirming the denial of Webb's fourth postconviction petition, 28 U.S.C. § 2241); *United States v. Webb*, 165 F.3d 24 (5th Cir. 1998) (affirming the denial of Webb's third motion to vacate). Webb had to challenge the validity of his sentence in a motion to vacate, which he had to file in the "court which imposed the sentence," 28 U.S.C. § 2255(a), instead of in the "district wherein . . . [he is] restrain[ed]," *id.* § 2241(a). And because Webb previously filed a motion to vacate that was denied on the merits, he had to obtain permission to file his present motion. *Id.* § 2255(h). Because Webb failed to obtain permission from the Fifth Circuit Court of Appeals to file a successive motion in the district court that sentenced him, the district court was required to dismiss his motion to vacate.

4                      Opinion of the Court                    21-13960

We **GRANT** the motion for summary affirmance, **AFFIRM** the dismissal of Webb's motion to vacate, and **DISMISS AS MOOT** the motion to stay the briefing schedule.