## WILLIAM CAIN V. THE STATE.

### No. 9439.   Delivered October 13, 1926.

#### 1.—Violating City Ordinance—Ex Post Facto Laws—Are Invalid.

Where, on a trial for violating a City Ordinance of the City of Galveston prohibiting billboards in certain territory, with a punishment for a violation of said ordinance, same in its application to the appellant is in effect ex post facto and the ordinance is invalid.   Sec. 16 of Art. 1 of our Constitution forbids the enactment of ex post facto laws, retroactive laws, or any laws impairing the obligation of contracts.   See Dawson v. State, 6 Tex. Crim. App. 347; McInturf v. State, 20 Tex. Crim. App. 335.

#### 2.—Same—Continued.

An ex post facto law is one which by its terms attempts to make penal some act done before the enactment of such law.   The ordinances of the City of Galveston permitted the location of said billboard, erected by the appellant at the time they were put up, and a law passed subsequent to such erection attempting to punish appellant who put up his billboards prior to the passage of said law, was invalid.

#### 3.—Same—Police Power of City—Statute Construed.

While it is true that Art. 1096 of Revised Statutes of Texas, 1920, grants to a city, such as Galveston, the right to license, regulate, control or prohibit the erection of signs or billboards, as may be provided by charter, or ordinance, the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid.   Following Ex Parte Vance, 42 Tex. Crim. Rep. 623.   Also see Dillon on Municipal Corporations, Vol. 2, Sec. 600.

#### 4.—Same—Continued.

It not appearing by the proof on this case that any such condition existed in the territory described in the ordinance as gave the city the right to pass the ordinance in question in the exercise of its police power, but the proof showing to the contrary, the ordinance in question is held to be unreasonable, and that same is invalid.   Authorities generally supporting this conclusion will be found in Crossman et al. v. City of Galveston et al., 247 S. W. 810, and many other causes cited in the opinion.

Appeal from the County Court of Galveston County.   Tried below before the Hon. Jno. W. Campbell, Judge.

Appeal from a conviction for violating a city ordinance of the City of Galveston prohibiting the erection of billboards in certain territory, penalty a fine of $125.

The opinion states the case.

*Frank S. Anderson* of Galveston, for appellant.   On Ex-Post Facto Laws, appellant cites:

Standard Bill Posting Co. v. City of Newburg, 137 N. Y., Supp. 186.

Whitmier, etc. v. City of Buffalo, 118 Fed. 773.
City of Chicago v. Rogers Park Water Co., 214 Ill. 213.
Mugler v. Kansas, 123 U. S. 623-665.
On Police Power, appellant cites:
State v. Whitlock, 149 N. C. 542.
Varney v. William (Calif.), 100 Pac. 867.
City of Passiac v. Patterson, 62 Atl. 267.
City of Chicago v. Gunning System, 214 Ill. 628.
Bryan v. Chester, 212 Pac. 259.
People v. Green, 83 N. Y., Supp. 460.
Bill Posting Sign Co. v. Atlantic City, 58 Atl. 342.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the County Court-at-Law of Galveston County for violating a city ordinance prohibiting billboards in certain territory, punishment a fine of $125.

The complaint herein charges that appellant "did then and there unlawfully locate and maintain certain billboards" situated in a part of the City of Galveston described in said complaint. It seems from the record that in May, 1924, said city passed an ordinance forbidding any person to construct, erect, locate or maintain any signboard or billboard within a certain named district in said city; that prior to the passage of said ordinance appellant, being authorized so to do by written permit issued by the building inspector of said city, had built three billboards on private property situated within the territory referred to, same costing a considerable sum, and that at the date of the passage of said ordinance and of the making of this complaint and the trial of this case, appellant had advertisement on said billboards under contracts for the year 1924 for which he was receiving forty dollars per month for each of said billboards.

Appellant contends that his boards having been built before the passage of the ordinance, could not be affected by that part of the complaint wherein he was charged with "locating" said billboards; that attempt to give effect to that part of said ordinance would be of no avail because of that part of our Constitution which forbids the making of any ex post facto laws, and that in so far as the complaint charged him with "locating" said billboards, there would be a variance between the allegation and the proof. This is manifestly sound. Sec. 16 of Art. 1 of our Constitution forbids the enactment of ex post facto laws, retroactive laws, or any laws impairing the obligation of contracts. An ex post facto law is one which by its terms attempts to make

penal some act done before the enactment of such law. Dawson v. State, 6 Tex. Crim. App. 347; McInturf v. State, 20 Tex. Crim. App. 335. The ordinances of the City of Galveston permitted the location of said billboards at the time they were put up. A law passed subsequent to such erection attempting to punish him who put up billboards prior to the passage of such law, would be ex post facto and within the forbiddance of the Constitution.

Appellant further contends that inasmuch as his billboards were built before the passage of the ordinance in question, he is not amenable for their maintenance and that no valid ordinance could be enacted penalizing such maintenance until and unless it be shown that maintaining such billboards injuriously affected the public morals, health, safety or welfare of the community and hence came within the police power of said city. This also seems sound. The police power of a city is only such as is derived from its charter, and must be either expressly granted by the legislature or be within the terms used by such grant. Art. 1096 of the Revised Civil Statutes of Texas 1920, grants to a city such as Galveston the right "To license, regulate, control or prohibit the erection of signs or billboards as may be provided by charter or ordinance." This seems an express grant of power in reference to the right of a city to prohibit billboards. However, in Ex Parte Vance, 42 Tex. Crim. Rep. 623, we find the following:

"It is conceded that appellant had violated the provisions of the ordinance. The ordinance here passed was in pursuance of an express grant of power from the legislature in the charter of incorporation. According to some of the authorities, the courts cannot question the reasonableness of such an ordinance. 1 Thomp., Corp., Sec. 1021. This, we take it, however, refers to cases where the mode of the exercise of the power is prescribed, or the legislature has acted directly on the subject. Dillon, Mun. Corp., Sec. 328, note 1. Under the case here presented, we have no doubt that the reasonableness of the exercise of the power of the municipality in fixing a stand for hacks and other vehicles for the transportation of goods and passengers is a question for the courts to determine. But the doctrine is, that the courts are not authorized to declare an ordinance unreasonable and void, unless its unreasonableness shall clearly appear. Ex Parte Batis, 40 Tex. Crim. Rep. 112; Thomp. Corp., Sec. 1021, supra; St. Louis v. Weber, 44 Mo. 547."

So Mr. Dillon, in his work on Municipal Corporations, Vol. 2, Sec. 600, says:

"But where the power to legislate on a given subject is con-

ferred, and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid."

The learned trial judge in this case evidently was of opinion that the validity *vel non* of this ordinance depended on proof showing that the billboards in question were nuisances, i. e. were such structures as injuriously affected the health, morals, safety or welfare of the community, for he heard evidence pro and con on this issue. As we view the record, appellant supported overwhelmingly the propositions that said billboards did not add to the fire hazards, did not tend to accumulate filth or promote insanitary conditions, did not encourage immorality or lawlessness, and that no conditions appeared which would seem to justify forbidding the erection or maintenance of· such billboards as within the proper exercise of the police power of said city. It is unquestioned that as to this appellant he had acquired a vested and valuable property right in said billboards under the law as it existed before the passage of this ordinance, and we think this cannot be taken from him by penalizing him for maintaining said boards, unless by such maintenance the safety, welfare, health or morals of the community were in somewise jeopardized; and that the proof failing entirely to show that any such condition existed in the territory described in the ordinance as gave the city the right to pass the ordinance in question, in the exercise of its police power—but on the other hand showing to the contrary, it is imperative upon us that we hold the ordinance in question to be unreasonable and that same is invalid. Authorities generally supporting the conclusions above announced will be found in Crossman et al. v. City of Galveston et al., 247 S. W. 810; Standard Bill Posting Co. v. City of Newburgh, 137 N. Y., Supp. 186; Whitmier & Filbrick Co. v. City of Buffalo, 118 Fed. 773; Curran Bill Posting Co. v. The City of Denver, 107 Pac. 261; City of Passaic v. Patterson Bill Posting Co., 62 Atl. 267; City of Chicago v. Gunning System, 214 Ill. 628; St. Louis v. Hill, 116 Mo. 537; Bryan v. Chester, 212 Pa. 259; Bill Posting Co. v. Atlantic City, 58 Atl. 342; Varney & Green v. Williams, 100 Pac. 867; People v. Green et al., 83 N. Y., Supp. 460; People v. Otis, 90 N. Y. 48; People ex rel. M. Winesburgh Advertising Co. v. Murphy, 88 N. E. Rep. 17; Crawford v. City of Topeka, 51 Kansas 756.

Concluding the ordinance without support in reason and that same is therefore not such as the city can pass, the judgment will be set aside and the prosecution ordered dismissed.

*Reversed and dismissed.*