**David Charles POPE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48525.**

Court of Criminal Appeals of Texas.

May 29, 1974.

Randy Taylor, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for assault with the intent to murder with malice; the punishment, imprisonment for twenty-five years.

The appellant was tried before two juries upon the same indictment charging that he "did unlawfully, voluntarily and with malice aforethought in and upon Shelia Diane Brumley make an assault with the intent then and there to murder the said Shelia Diane Brumley."

The appellant argues he has been twice put in jeopardy for the same offense in violation of the Fifth Amendment to the Constitution of the United States. The Fifth Amendment's Double Jeopardy Clause has been applied to the States through the Fourteenth Amendment. See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The question presented is whether the appellant was acquitted by a jury in a former trial for the same offense for which he here stands convicted. We find that he was so acquitted and we reverse the judgment.

At the first trial the jury was instructed on assault with intent to murder both with and without malice, on the intentional infliction of physical injury on a child fourteen years of age or younger, and on aggravated assault. The Court instructed the jurors that they were first to consider whether the appellant was guilty of assault with intent to murder with malice. If they did not find that the appellant was guilty of that offense beyond a reasonable doubt, they were to find him not guilty of that offense and next consider whether he was guilty of assault with intent to murder without malice. They were further charged that if they did not find him guilty beyond a reasonable doubt of that offense, they were to find :him not guilty of that offense and next consider whether he was guilty of the offense of intentionally inflicting physical injury on a child fourteen years of age or younger. If they did not find him guilty of that offense beyond a reasonable doubt, they were to find him not guilty of that offense and next consider whether he was guilty of the offense of aggravated assault.

The jury found that the appellant was guilty of " . . . an intentional infliction of physical injury on a child fourteen years of age or younger as included in the indictment . . . " The jury then assessed punishment of imprisonment for five years.

■ The instruction authorizing a conviction for the intentional infliction of physical injury on a child fourteen years of age or younger was erroneously submitted, because Article 1148a, Vernon's Ann. P.C. did not become effective until after this offense was committed on July 13, 1971. See Article 1, Section 16, Constitution of the State of Texas, Vernon's Ann. St.; Ex parte Alegria, 464 S.W.2d 868 (Tex.Cr.App.1971); Millican v. State, 145 Tex.Cr.R. 195, 167 S.W.2d 188 (1942); Cain v. State, 105 Tex.Cr.R. 204, 287 S.W. 262 (1926); cf. Stell v. State, 496 S.W.2d 623 (Tex.Cr.App.1973). The State does not dispute this.

The Agreed Statement of Facts recites:

"That subsequent to the trial the judge declared judgment and sentence to be ex post facto in nature and thus void ab initio. That the Court, on its own motion, set the matter for trial, and thereafter the defendant through his counsel filed on April 9, 1973, a motion for speedy trial, which motion was granted the same day. That after the motion for speedy trial was granted the case was set for trial by the Court on May 7, 1973. That on May 7, 1973, this case came on to be heard for the second time and both sides announced. That the defendant's announcement of ready was specifically made subject to his special plea, said plea urging prior jeopardy."

The appellant's plea urging prior jeopardy was overruled and the appellant was again tried before a jury on the same indictment and substantially the same proof offered in the first trial. The jury in the second trial was authorized by the Court's charge to find and it did find the appellant ". . . guilty of the offense of assault with intent to murder with malice as charged in the indictment . . ." and thereafter assessed appellant's punishment at imprisonment for twenty-five years.

We face the question whether the prior improper verdict constitutes an acquittal of the offense for which appellant was convicted at the second trial.

In Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the defendant was charged on two counts with arson and with first degree murder. The trial court instructed the jury it could find the defendant guilty under the indictment's second count of either first degree murder or second degree murder. The jury found the defendant guilty under the second count of second degree murder, but was silent as to first degree murder.

". . . The trial judge treated second degree murder, which is defined by the District Code as the killing of another with malice aforethought and is punishable by imprisonment for a term of years or for life, as an offense included within the language charging first degree murder in the second count of the indictment." 355 U.S. at 185–186, 78 S.

Ct. at 222, (Footnote omitted.)

The Supreme Court, citing the Double Jeopardy Clause of the Fifth Amendment, held that a finding of guilty of second degree murder constituted an implied acquittal of the charge of first degree murder. The Court concluded that the defendant could not be retried for first degree murder after reversal of his conviction for second degree murder.

Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), involved a State prosecution. There, the defendant was originally charged with murder but was found guilty by a jury of the lesser included offense of voluntary manslaughter. After the case was reversed due to an erroneous jury instruction, the defendant was retried under the original indictment for murder, but again was convicted of voluntary manslaughter. In holding that jeopardy barred retrial on the murder charge after the first trial, the Court said:

". . . [T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is expressed or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge. There is no relevant factual distinction between this case and Green v. United States. Although the petitioner was not convicted of the greater charge on retrial whereas Green was, the risk of conviction on the greater charge was the same in both cases, and the Double Jeopardy Clause of the Fifth Amendment is written in terms of potential or risk of trial and conviction, not punishment." 398 U.S. at 329, 90 S. Ct. at 1761. (Footnote omitted.)

In Price, the State contended that, since the defendant was convicted of the same offense at each trial, namely voluntary manslaughter, and received no greater punishment the second time, the error was harmless. The Court held the error could not be found harmless, since the defendant was charged each time with first degree murder.

"The Double Jeopardy Clause, as we have noted, is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly. Further, and perhaps of more importance, we cannot determine whether or not the murder charge against peti-

tioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence." 398 U.S. at 331, 90 S.Ct. at 1762 (Footnote omitted.)

This Court has held that conviction of a lesser included offense bars a prosecution for the greater offense on a new trial, even if the new trial is obtained by the defendant at his instance. Welcome v. State, 438 S.W.2d 99 (Tex.Cr.App.1969). There, the defendant was indicted for assault to murder with malice. The jury found him guilty of assault to murder without malice, committed with a knife. After holding that the conviction must be reversed and remanded, this Court said the defendant could not be retried for any greater offense than assault to murder without malice. See also Galloway v. Beto, 421 F.2d 284 (5th Cir. 1970).

Applicable also is Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Ashe had been acquitted by a jury due to insufficient evidence of robbing one of six poker players at a poker game. The Court found the only rationally conceivable issue in that case was the identity of the defendant as one of the robbers, and the jury had decided the issue adversely to the State. This finding that the defendant was not one of the robbers precluded Ashe's trial for the robbery of another of the poker players in the same transaction. In so holding, the Court said the theory of collateral estoppel applies to criminal cases, and is embodied in the Fifth Amendment's guaranty against double jeopardy. In other words, once an issue of ultimate fact has been determined by a valid and final judgment of acquittal, a defendant cannot be expected to " 'run the gantlet' " a second time. Ashe v. Swenson, supra, at 397 U.S. 446, 90 S.Ct. 1189.

We hold that the jury's guilty verdict at the first trial on the offense of intentional infliction of injury upon a child fourteen years of age or younger operated as an acquittal of the offenses of assault to murder with malice and without malice. Of course, since the statute prohibiting intentional infliction of injury upon a child fourteen years of age or younger was not in effect when the alleged offense occurred, it was not in fact a lesser included offense of assault to murder with malice. Nevertheless, under the Court's instruction the jury could not have found the appellant guilty of the intentional infliction of injury charge without first finding him not guilty of assault to murder with malice and without malice. Under these circumstances, we conclude that there was prior jeopardy as to the offenses of assault to murder with malice and without malice.

For these reasons, the appellant could not validly be convicted of assault to murder with malice.

We further hold that, in the event of another trial, appellant cannot be tried on an indictment charging him with any offense greater than aggravated assault. Price v. Georgia, supra.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.