Steven Louis IEPPERT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 0826–92, 0827–92, 0829–
92 and 0830–92.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 11, 1995.

Lawrence B. Mitchell, Dallas, for appellant.

Pamela Sullivan Berdanier, Assistant District Attorney, Dallas, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PE-
TITIONS FOR DISCRETION-
ARY REVIEW*

MEYERS, Judge.

According to judgments entered in the trial court, appellant was convicted of aggravated sexual assault in four cases con-

solidated for prosecution. His punishment was assessed at confinement in the penitentiary for terms of 49, 40, 22, and 15 years. On appeal he claimed that these convictions were barred by the *ex post facto* clauses of the Texas and United States Constitutions because the statute under which he was prosecuted had not yet been enacted at the time of his allegedly criminal conduct. Tex. Const. art. I, § 16; U.S. Const. art. I, § 10. The Court of Appeals did not reach the merits of this claim, however, holding instead that appellant forfeited the right to complain of it on appeal because he did not first raise it in the trial court. *Ieppert v. State,* Nos. 05–91–00084–CR, 05–91–00085–CR, 05–91–00087–CR, 05–91–00088–CR, 1992 WL 86706 (Tex.App.—Dallas, delivered 4/30/92). We granted discretionary review to decide whether prosecution for conduct which was not illegal when committed is a forfeitable irregularity of the trial process. We hold that it is not.

The Court of Appeals relied on several authorities to support its conclusion. First, it maintained that appellant's claim was defaulted under article 1.14(b) of the Texas Code of Criminal Procedure because it was not called to the judge's attention before trial. Article 1.14(b) provides that

> [i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

This statute was enacted to avoid original postconviction attacks, either by direct appeal or by habeas corpus, upon the sufficiency of charging instruments containing one or more defects of substance listed in article 27.08 of the Code of Criminal Procedure. Such defects were formerly held to deprive the trial court of jurisdiction, and so were cognizable by reviewing courts at any time, whether first raised in an earlier proceeding or not. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Crim.App. 1974). Now, however, most of these defects

are subject to the rule of forfeiture expressed in article 1.14(b). *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990).

But appellant did not complain on appeal of the instant causes that his indictment was defective. Certainly, he did not claim that it suffered a substantive or formal defect under article 27.08 or 27.09. In fact, for purposes of appeal, he effectively conceded, just as he now does on discretionary review, that the indictment fairly and adequately charged him with the commission of an offense. He just claims that the penal statute proscribing such offense did not exist when his allegedly illegal conduct occurred. As this does not essentially present a question about the form or substance of an indictment, we think it clear that the forfeiture provisions of article 1.14(b) do not apply.

The Court of Appeals also relied on our opinion in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on rehearing), which authoritatively construes article 36.19 of the Texas Code of Criminal Procedure. That statute provides that

> [w]henever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.

The articles to which this statute refers generally require that the trial judge "deliver to the jury ... a written charge distinctly setting forth the law applicable to the case," and prescribe, among other things, the method for taking exception to the charge, requesting that different or additional instructions be included in it, delivering it to the jury, and certifying it for inclusion in the record. Our opinion in *Almanza* interpreted article 36.19 to be a special combination of forfeiture and harmless error rules applicable specifically to irregularities involving one or more of these five jury charge statutes. The Court of Appeals held, under authority of this interpretation, that the absence of a jury charge objection at trial waived appel-

lant's right to complain of *ex post facto* violations on appeal because the objectionable jury charge was not so egregiously harmful as to deprive him of a fair and impartial trial.

But, appellant did not complain in the Court of Appeals that the jury charge failed distinctly to set forth "the law applicable to the case" or that it was defective in any other way controlled by articles 36.14 through 36.18. Indeed, it is apparent in the instant cause that the application paragraph of the charge accurately tracked the allegations of the indictment and fairly instructed the jury not to convict appellant without first finding those allegations to be true beyond reasonable doubt. Accordingly, it is clear that the hybrid forfeiture/harmless error provisions of article 36.19, as construed by *Almanza*, are also inapplicable to appellant's contentions in the instant causes.

■ The fact is that an *ex post facto* complaint about the improper retroactive application of a penal statute is not really a complaint about errors or defects in an accusatory pleading or a jury charge. Rather, it is a complaint that the law does not permit prosecution or conviction for behavior which did not constitute a criminal offense when it happened. Certainly there are contexts in which it may be appropriate to raise an objection to a charging instrument or jury instruction because it purports to authorize conviction for conduct which was not against the law. *See Ex parte Hawkins*, 722 S.W.2d 424 (Tex. Crim.App.1986) (indictment which alleges violation of a penal statute not in effect on the date alleged in the indictment is fundamentally defective because it "fails to allege an offense"); *Pope v. State*, 509 S.W.2d 593 (Tex.Crim.App.1974) (jury charge which authorizes conviction for lesser included offense under a statute not in effect on the date of the alleged offense is objectionable). But the mere contention that a conviction is barred under these circumstances is not essentially a grievance about charging instruments or jury instructions. Accordingly, the default provisions of article 1.14(b) and the forfeiture/harmless error provisions of article 36.19 do not purport to bar full appellate review of such complaints, at least when they are not expressly directed to the sufficiency of an accusatory pleading or a jury charge.

■ Nevertheless, the character of our law in general is such that the right to complain on appeal about most other trial errors is also contingent upon a specific pretrial or contemporaneous objection. *See, e.g.,* Tex.R.App.Proc. 52; Tex.R.Crim.Evid. 103. Thus, in addition to its reliance on articles 1.14(b) and 36.19, the Court of Appeals also cited *Rogers v. State*, 640 S.W.2d 248 (Tex. Crim.App.1982) (opinion on rehearing) as authority for the general proposition that legal rights, even those assured by due process, are usually forfeitable by inaction. Clearly, the court was right about this. Because the law ordinarily expects litigants to insist upon their rights at a time when they can be implemented, appellate courts should not consider such rights to have been violated if the beneficiary was willing to forego them at trial.

As we noted in *Marin v. State*, 851 S.W.2d 275, at 278 (Tex.Crim.App.1993),

> ... our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request[.]

851 S.W.2d at 279. We observed that most rights of the parties in litigation are of the last type, but we went on to explain that other rights, such as the right to counsel and the right to a trial by jury, "are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Id.* at 278. We held that these rights can be waived, but only by overt expression. *Id.* at 279. We also emphasized that the system "includes a number of requirements and prohibitions which are essentially independent of the litigants' wishes ... and cannot, therefore be waived or forfeited by the parties." *Id.* These systemic requirements, we held, include both jurisdictional prerequisites to the exercise of judicial authority and nonjurisdictional fundamentals of lawmaking and adjudication. *Id.* Which one of these cate-

gories holds the *ex post facto* clause depends upon the nature of the clause itself.

Writing for this Court in 1986, Judge McCormick described the prohibition against *ex post facto* laws, found in the constitutions of Texas and the United States, as axiomatic to a government of laws.

"The fundamental principles of fairness upon which our system of justice is founded prohibits [sic] the enactment of laws which either make an act a criminal offense after its commission or retroactively impose harsher sanctions at trial for a crime than were in effect at the time of its commission."

*Ex parte Bonham,* 707 S.W.2d 107, 108 (Tex. Crim.App.1986). In that case, we unanimously agreed applicant was entitled to collaterally attack his criminal conviction, evidently for the first time by writ of habeas corpus, because his punishment had been enhanced with a prior conviction under the authority of a statute that was not enacted until after commission of the crime with which he was charged. It is clear that we did not regard the presence or absence of a trial objection in that case as at all relevant to the merits of applicant's *ex post facto* claim.

■ The United States Constitution provides categorically that "[n]o ... ex post facto Law shall be passed." U.S. Const. art. I § 9 cl. 3. So does the Texas Constitution. Tex. Const. art. I § 16. It is clear, both from the plain language of these provisions and from the way in which this Court has implemented them in the past, that *ex post facto* prohibitions do not merely confer upon the people a waivable or forfeitable right not to have their conduct penalized retroactively. Indeed, the constitutional prohibition against *ex post facto* legislation is not really an individual right at all. It is a categorical prohibition directed by the people to their government. Short of a constitutional amendment, the people may not waive this prohibition, either individually or collectively, any more

than they may consent to be imprisoned for conduct which does not constitute a crime.

The judgments of the Court of Appeals are, therefore, reversed and these causes are remanded to that Court for reconsideration of appellant's first point of error in a manner not inconsistent with this opinion.

BAIRD, Judge, concurring.

I write separately to reinforce the majority's conclusion that the *Ex Post Facto* Clause is a fundamental systemic requirement that may not be waived by failure to object at trial and to address the dissents of Judges Mansfield and Keller.

## I.

A brief review of the facts is necessary. Appellant married the complainant's mother in 1980. Starting in 1982 or 1983, when the complainant was seven or eight years old, appellant allegedly committed the instant offenses. The complainant first revealed these incidents to his mother in May of 1990.

In July of 1990, appellant was charged in multiple indictments with aggravated sexual assault of a child under 14 years-of-age. Each indictment alleged that the offenses occurred prior to September 1, 1983. Offenses of aggravated sexual assault committed prior to September 1, 1983, were prohibited by Tex.Penal Code Ann. §§ 21.04 and 21.05 which required the conduct be committed "with intent to arouse or gratify the sexual desire of any person." Sections 21.04 and 21.05 were repealed, effective September 1, 1983, and replaced by §§ 22.011 and 22.021, which do *not* require the intent to arouse or gratify sexual desire. The instant indictments alleged offenses in violation of §§ 22.011 and 22.021. Appellant made no attempt to quash the indictments.

On appeal, appellant contended the indictments violated the Federal and State Constitutional *Ex Post Facto* Clauses [1] because, by prosecuting appellant under § 22.021, rather

---

1. U.S. Const. art. I, § 10 provides in pertinent part:

No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts....

Tex. Const. art. I, § 16 provides:

No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.

than § 21.04 and § 21.05, the State's burden of proof was lessened. *Ieppert,* slip. op. pg. 4. The Court of Appeals held appellant's failure to raise his *ex post facto* claim in the trial court failed to preserve the issue for appellate review. *Id.,* at 5.

## II.

As a general rule, appellate courts will not consider an alleged error that was not first called to the attention of the trial judge. *Johnson v. State,* 878 S.W.2d 164, 167 (Tex. Cr.App.1994); *Black v. State,* 816 S.W.2d 350, 367 (Tex.Cr.App.1991) (Campbell, J., concurring). This general rule has been codified as Tex.R.App.P. 52(a). In most cases, the requirement of an objection is fundamentally sound and necessary for the orderly presentation and resolution of alleged trial errors and appellate issues. *See, Rogers v. State,* 640 S.W.2d 248, 264 (Tex.Cr.App.1982) (Op. on reh'g) (citing 24 C.J.S., Criminal Law, § 1670), *and, Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App.1977). However, this general rule of waiver does not extend to all rights possessed by a defendant. *Marin v. State,* 851 S.W.2d 275, 278–280 (Tex.Cr.App.1993). In *Marin,* we recognized three distinct types of a defendant's rights with regard to waiver: (1) those rights which are absolute, and may not be waived under any circumstances; (2) those rights which are automatically implemented by the system unless expressly waived by the litigants; and, (3) those rights which must be implemented upon request by the litigants, or are otherwise waived. *Id.,* at 279. However, we did not specifically define which rights fell within each category. The instant issue concerns which category of the *Marin* scheme encompasses *ex post facto* claims.

Although *ex post facto* claims are constitutional in nature, some questions of constitutional magnitude may be waived when not raised at trial. *Marin, supra* (citing *Gibson v. State,* 516 S.W.2d 406, 409 (Tex.Cr.App. 1974); *and, Muniz v. State,* 851 S.W.2d 238, 255 (Tex.Cr.App.1993). *See generally, Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (failure to object to being tried in prison clothes waived error);

*Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) (failure to object to unconstitutional composition of grand jury waived error); *Little v. State,* 758 S.W.2d 551, 564 (Tex.Cr.App.1988) (failure to object to confession on grounds of involuntariness waived error); *Boulware v. State,* 542 S.W.2d 677, 679 (Tex.Cr.App.1976) (failure to object to excusal of venireperson in violation of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), waived error); *and, Hernandez v. State,* 538 S.W.2d 127, 129 (Tex.Cr.App.1976) (failure to object to illegally seized evidence waived error).

Nonetheless, the general rule of waiver does not apply to all of a defendant's rights. We have cautioned that Rule 52(a) applies "only in cases of forfeitable trial rights and *never to the violation of fundamental systemic requirements* or to the infringement of rights so important that their implementation is mandatory absent an express waiver."[2] *Marin,* 851 S.W.2d at 280. In other words, certain rights are so fundamental to a criminal trial that their violation undermines the inherent validity of the adjudicatory process and the rules of waiver do not apply. Thus, certain constitutional questions may be raised for the first time on appeal. For example, challenges to the constitutionality of a statute, *Casares v. State,* 768 S.W.2d 298 (Tex.Cr.App.1989); *and, Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Cr.App.1987) ("Questions involving the constitutionality of a statute upon which a defendant's conviction is based should be addressed by appellate courts, even when such issues are raised for first time on appeal."), claims of double jeopardy, *Disheroon v. State,* 687 S.W.2d 332, 336 (Tex.Cr.App.1985) (Teague, J., concurring) ("[B]ecause of the fundamental nature of the double jeopardy clauses of the respective Constitutions, jeopardy can be raised for the first time on appeal."), and where a defect of constitutional magnitude has not been established at the time of trial, *Ex parte Chambers,* 688 S.W.2d 483, 486 (Tex.Cr.App.1984) (Campbell, J., concurring, Davis, Clinton, McCormick, Teague and Miller, JJ., join), *and, Black v. State,* 816 S.W.2d at 362, 367 (failure to object to jury charge prior to

2. All emphasis is supplied unless otherwise    indicated.

*Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), did not waive error because *Penry* requirements not established at time of trial).

There is a significant distinction between those rights which may be waived, and those rights constituting "fundamental systemic requirements" which cannot be waived. *Marin,* 851 S.W.2d at 280. Those constitutional rights, the violation of which undermines the inherent validity of a prosecution, constitute fundamental systemic requirements because the deprivation of the right renders the trial void *ab initio.* Sound policy underlies this distinction from those rights which are subject to waiver. A finding that a statute is unconstitutional, or that a defendant has been twice placed in jeopardy, provides an absolute bar to a prosecution. *See, Johnson v. State,* 755 S.W.2d 92, 97 (Tex.Cr.App.1988) (precluding prosecutions for flag desecration under Penal Code § 42.09(a)(3) when conduct falls within protection of First Amendment), *affirmed, Texas v. Johnson,* 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989), *and, Stephens v. State,* 806 S.W.2d 812, 816 (Tex. Cr.App.1990) (finding of insufficient evidence to prove aggravating element in aggravated rape prosecution barred subsequent prosecution for lesser included offense of rape). By contrast, other constitutional rights do not affect the inherent validity of a prosecution. For example, a violation of the Fifth Amendment right against coerced confessions may be ameliorated with an objection at trial, yet the admission of such evidence does not affect the validity of the trial itself. Thus, where the harm stemming from the violation of a defendant's right may not be corrected without undermining the inherent validity of the trial, it is a fundamental systemic requirement and is not subject to waiver.

I agree with the majority that the prohibition against *ex post facto* laws is a fundamental systemic requirement. Both the United States and the Texas Constitutions contain an absolute prohibition against *ex post facto* laws. U.S. Const. art. I, § 10, *and,* Tex. Const. art. I, § 16. *See,* n. 1, *supra.* The principle upon which the *Ex Post Facto* Clauses are based is central to our concept of fairness, e.g. that a defendant have notice of that conduct which may subject him to criminal penalties. *Marks v. United States,* 430 U.S. 188, 191, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977) (citing *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); *and, Lanzetta v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939)). *See also, Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987), *and, Calder v. Bull,* 3 Dall. 386, 389, 1 L.Ed. 648 (1798). Where a defendant is placed on trial for conduct which was not criminal at the time of its commission, the trial is fundamentally flawed because it violates our "concept of constitutional liberty." *Marks,* 430 U.S. at 191, 97 S.Ct. at 993. Moreover, no ameliorative action on the part of the trial judge can render the trial fair. Consequently, a finding that a law is *ex post facto* will void a prosecution under that law. *Cain v. State,* 287 S.W. 262, 263 (1926) (prosecution for violating ordinance prohibiting erection of billboards held void as *ex post facto* to defendant who had erected billboards prior to passage). Consequently, the majority correctly concludes that claims of *ex post facto* are not subject to waiver for failure to raise them at trial.

### III.

The question of whether an *ex post facto* violation actually occurred is not now before us; the sole ground for review deals with the preservation of error issue. Nevertheless Judge Mansfield, in dissent, reaches the merits of appellant's *ex post facto* claim and finds no violation. For the following reasons, I believe Judge Mansfield is incorrect.

In *Beazell v. Ohio,* 269 U.S. 167, 170, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925), the Supreme Court summarized the characteristics of an *ex post facto* law:

It is settled, by decisions of this court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed which was innocent when done, which makes more burdensome and punishment for a crime, after its commission, *or which deprives one charged with crime any defense available according to law at the*

*time when the act was committed,* is prohibited as ex post facto.

The Court further explained that within the concept of *ex post facto* is the fundamental principle that "the criminal quality attributable to an act, either *by the legal definition of the offense,* or by the nature or amount of the punishment . . . *should not be altered by legislative enactment, after the fact, to the disadvantage of the accused." Id.,* 269 U.S. at 170, 46 S.Ct. at 68–69. Stated in the negative, "no *ex post facto* violation occurs if the change in the law does '. . . [not] change the ingredients of the offense or the ultimate facts necessary to establish guilt.'" *Miller v. Florida,* 482 U.S. 423, 433, 107 S.Ct. 2446, 2452–2453, 96 L.Ed.2d 351 (quoting *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884).

In *Collins v. Youngblood,* 497 U.S. 37, 41–43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990), the Supreme Court reiterated that retroactively altering the definition of an offense to the detriment of the accused is prohibited by the *Ex Post Facto* Clause:

> The *Beazell* formulation is faithful to our best knowledge of the original understanding of the *Ex Post Facto* Clause: *Legislatures may not retroactively alter the definition of crimes* or increase the punishment for criminal acts.

*See also, Ex parte Scales,* 853 S.W.2d 586, 588 (Tex.Cr.App.1993) (Legislatures may not retroactively alter the definition of crimes.); *French v. State,* 830 S.W.2d 607, 608 (Tex.Cr.App.1992); *and, Grimes v. State,* 807 S.W.2d 582, 586 (Tex.Cr.App.1991).

In light of *Beazell, Miller,* and *Youngblood,* it is clear that charging appellant under § 22.021 constituted a violation of the *Ex Post Facto* Clause. The penal statutes in effect at the time of the alleged offenses required proof that the conduct was committed with the "intent to arouse or gratify the sexual desire of any person." *See,* Tex.Penal Code Ann. § 21.04 (Sexual Abuse); § 21.05 (Aggravated Sexual Abuse), *and,* § 21.10 (Sexual Abuse of a Child), repealed, Acts 1983, 68th Leg., p. 5321, ch. 977, § 12. However, § 22.011 (Sexual Assault) and § 22.021 (Aggravated Sexual Assault) no longer require such an intent. Thus, the Legislature's

enactment of § 22.021 eliminating the "intent to arouse or gratify" element, reduced "the ultimate facts necessary to establish guilt." *Miller,* 482 U.S. at 433, 107 S.Ct. at 2452–2453. Accordingly, charging appellant under § 22.021 for conduct proscribed under § 21.05 has the effect of retroactively altering the definition of the crime to the detriment of the accused. *Youngblood,* 497 U.S. at 41–43, 110 S.Ct. at 2719, *and, Beazell,* 269 U.S. at 170, 46 S.Ct. at 68–69. This violates the *Ex Post Facto* Clauses of the United States and the Texas Constitutions.

### IV.

Similarly, Judge Keller errs in concluding these cases present pleading problems, and not *ex post facto* claims. Judge Keller's conclusion is seemingly derived from the Court of Appeals opinion which expressed some confusion as to whether the indictments alleged an offense under § 21.05 or § 22.021. *Ieppert v. State,* Nos. 05–91–00077–CR, 05–91–00084–CR, 05–91–00085–CR, 05–91–00086–CR, 05–91–00087–CR, 05–91–00088–CR, slip op. pg. 5, 1992 WL 86706 (Tex.App.—Dallas, April 30, 1992) (not published).

Rather than assume the State proceeded to trial with facially complete indictments charging offenses under § 22.021, Judge Keller presumes the State proceeded to trial with defective indictments under § 21.05. Her assumption/presumption is contrary to established precedent directly on point. In *Thomason v. State,* 892 S.W.2d 8, 11 (Tex.Cr.App.1994), we held that where an indictment charges a complete offense, we presume the State intended to charge the offense alleged, and none other. Judge Keller attempts to distinguish *Thomason* by reasoning that the indictments must allege § 21.05 offenses otherwise they would violate the *ex post facto* clause. That is precisely appellant's claim!

Under Judge Keller's reasoning there will never be meritorious *ex post facto* claims, only poorly drafted charging instruments. Apparently, when Judge Keller views a beautiful painting of a horse, she concludes it is a bad painting of a zebra. As some Texans are fond of saying, "If it walks like a duck, quacks like a duck and looks like a duck, it's a duck." Similarly, the indictments in the

instant cases alleged offenses under § 22.021 *not* § 21.05.

With these comments, I join the majority opinion.

McCORMICK, Presiding Judge, dissenting.

The issue in this case is whether appellant can raise his *ex post facto* claim for the first time on appeal. Because the majority holds he can, I dissent.

The facts of the case are not complex. Appellant was convicted of sexually assaulting the complainant over about an eight-year period of time. The State introduced into evidence appellant's confession in which he admitted molesting the complainant but claimed the seven-year-old complainant initiated the contact. Appellant testified at trial and denied molesting the complainant. Appellant testified he lied when he confessed because somebody promised him he would receive probation and not go to jail. Appellant testified everything in his confession was either untrue or taken out of context.

The State indicted appellant under V.T.C.A., Penal Code, Section 22.021, which did not become effective until after the commission of the crimes here. The Legislature expressly provided that an offense committed before the effective date of Section 22.021 would be covered by the law in effect when the offense occurred. The law in effect when appellant committed these offenses was set out in V.T.C.A., Penal Code, Sections 21.05 and 21.10. Sections 21.05 and 21.10, which appellant claims are the statutes under which he should have been prosecuted, required the State to prove appellant acted "with intent to arouse or gratify the sexual desire of another person." Section 22.021, which appellant claims is the statute under which he was prosecuted, did not require the State to prove appellant acted "with intent to arouse or gratify the sexual desire of another person."

On appeal to the Dallas Court of Appeals, appellant claimed his convictions violate the *ex post facto* clause. The Dallas Court of Appeals held appellant waived his *ex post facto* claim because he failed to raise it in the trial court.

The brief appellant filed here does not address the Court of Appeals' holding that he waived his *ex post facto* claim. Instead, appellant's brief addresses the merits of his *ex post facto* claim. Appellant argues the *ex post facto* application of Section 22.021 to him unfairly made his conduct a criminal offense after its commission, lessened the State's burden of proof, and deprived him of the opportunity to place into evidence testimony that he did not have the intent "to arouse or gratify the sexual desire of any person" when he engaged in the conduct.

The majority resolves the procedural default issue by deciding in a formalistic manner the *ex post facto* provisions are "systemic" requirements which can not be "forfeited" or "waived." See *Marin v. State,* 851 S.W.2d 275, 278 (Tex.Cr.App.1993). I submit the analysis should be more substantive than that. In resolving the procedural default issue, we should identify what rights appellant claims are violated by an *ex post facto* application of Section 22.021 to him, and then decide whether these rights "are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." See *Marin,* 851 S.W.2d at 278.

We should begin by looking at the mischief the *ex post facto* clause is designed to prevent. An *ex post facto* law is one that: (1) punishes as a crime *conduct* previously committed, which was innocent when done; (2) makes more burdensome the punishment of a crime after its commission; or (3) deprives one charged with a crime of any defense available at the time when the act was committed. *Collins v. Youngblood,* 497 U.S. 37, 51–53, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30 (1990); *Grimes v. State,* 807 S.W.2d 582, 585 (Tex.Cr.App.1991). "[R]etrospective laws, punishing facts committed before the existence of such laws, and by them only declared criminal, are oppressive, unjust, and incompatible with liberty...." *Collins,* 497 U.S. at 43, 110 S.Ct. at 2720.

The question here essentially boils down to one of fairness. See *Ex parte Bonham,* 707 S.W.2d 107, 108 (Tex.Cr.App.1986). For ex-

ample, if a defendant for whatever reason finds himself in the unfortunate position of having been convicted for conduct that was *completely* innocent when done, fairness might dictate that he be allowed to raise an *ex post facto* claim for the first time on appeal. The right not to be prosecuted for conduct which was *completely* innocent when done arguably is a right "considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." See *Marin,* 851 S.W.2d at 278. Of course, appellant can not make this claim here since his *conduct* was criminal, and the evidence would support a conviction, under either version of the statute. See *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Cr.App.1981). No one can seriously argue appellant's conduct was unfairly made criminal after the fact or that his conduct was *completely* innocent when done.

No, what appellant essentially claims here is that his prosecution under Section 22.021 deprived him of the opportunity to present a defense which would have been available to him had the State prosecuted him under the correct statute. See *Collins,* 497 U.S. at 51–53, 110 S.Ct. at 2724. Appellant, in effect, claims his failure to timely raise his *ex post facto* claim should be excused because otherwise he has unfairly been denied the opportunity to assert as a defense before a new jury that he did not have the intent "to arouse or gratify the sexual desire of any person" when he engaged in the prohibited conduct.

This is a complete about-face from what appellant claimed at trial. Appellant's factual theory at trial was he did not engage in any of the prohibited conduct. On this record, it is not unfair to hold any right appellant has under the *ex post facto* clause to present a defense at retrial inconsistent with the one he presented at his first trial is not "so fundamental to the proper functioning of our adjudicatory process" so as to excuse appellant's failure to timely raise the matter in the trial court. See *Marin,* 851 S.W.2d at 279.

There are other considerations here not mentioned in the majority opinion. The State's valid interest in the finality of this conviction, the judiciary's valid interest in conserving judicial resources, and society's valid interest in protecting our children from child molesters and the complainant from the trauma of a retrial all militate against excusing appellant's failure to timely raise his *ex post facto* claim. And, holding appellant waived his *ex post facto* claim when he could have preserved it by simply making a timely objection in the trial court does not violate principles of fundamental fairness. The only unfairness I see here is to society when the majority allows this legally guilty appellant under either version of the statute to engage in the kind of gamesmanship we see here. Appellant should have timely raised his *ex post facto* claim in the trial court so he later could have had the opportunity for the Court of Appeals to decide whether application of Section 22.021 to appellant actually violated the *ex post facto* clause, and whether any violation of the *ex post facto* clause harmed appellant. See Texas Rules of Appellate Procedure 52(a) and 81(b)(2).

I would hold appellant "forfeited" his *ex post facto* claim. Because the majority fails to do so, I dissent.

WHITE, J., joins this dissent.

MANSFIELD, Judge, dissenting.

Because I do not believe that the ex post facto clauses of the Texas and United States Constitutions are implicated in this case, I respectfully dissent.

Appellant was indicted, in four separate indictments, for the offense of aggravated sexual assault of a child, said offenses alleged to have taken place on or about January 1, February 1 and March 1 of 1983. Texas Penal Code § 21.05 was in effect at the time the offenses alleged in the indictment occurred.

Texas Penal Code § 21.05 was repealed and was replaced by Texas Penal Code § 22.021, effective for conduct committed on or after September 1, 1983. Texas Penal Code § 22.021 provides:

(a) A person commits an offense:

  (1) if the person:

    (B) intentionally or knowingly

(i) causes the penetration of the anus or female sexual organ of a child by any means;

(ii) causes the penetration of the mouth of a child by the sexual organ of the actor; or

(iii) causes the sexual organ of a child to contact or penetrate the mouth, anus or sexual organ of another person, including the actor; or

(iv) causes the anus of a child to contact the mouth, anus or sexual organ of another person, including the actor; and

(2) if:

(B) the victim is younger than 14 years of age.

Texas Penal Code § 21.05 refers to the definition of sexual abuse under Texas Penal Code § 21.04, which contains the phrase "with intent to arouse or gratify the sexual desire of any person...." The indictments do not contain this language and track the language of Texas Penal Code § 22.021. Under § 22.021, the State is not required to prove the charged person acted "with intent to arouse or gratify the sexual desire of any person."

The jury convicted appellant on all four charges and sentenced him to terms of 49, 22, 40 and 15 years confinement in the Texas Department of Criminal Justice–Institutional Division. The Fifth Court of Appeals affirmed all four convictions in an unpublished opinion.[1]

It is clear that appellant's conduct in 1983 was a violation of Texas Penal Code § 21.05 and would also be a violation of Texas Penal Code § 22.021. The issue is whether omission of the phrase "with intent to arouse or gratify the sexual desire of any person" is merely a defect in the indictment or resulted in conviction of appellant for behavior which was not then proscribed by law, thereby violating the ex post facto clause.

An ex post facto law is one that: (1) punishes as a crime conduct previously committed which was not a crime at the time committed; (2) deprives a person charged with an offense of any defense available at the time of its commission; or (3) increases the punishment for an offense beyond the maximum in effect at the time of its commission. *Grimes v. State*, 807 S.W.2d 582 (Tex.Crim. App.1991); *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

Appellant's conduct was a criminal offense under either version of the statute, which means he fails to meet the first part of the test described above. As his conduct is a first degree felony under either version of the statute, he cannot claim an increase in the maximum punishment beyond that in effect at the time of commission; he thus fails the third part of the test. Appellant claims that application of Texas Penal Code § 22.021 prevented him from introducing evidence that he did not have the intent to "arouse or gratify the sexual desire of any person," thereby depriving him of a defense.

Appellant, at trial, never attempted to raise the ex post facto claim; neither did he offer any evidence that he did not have the intent to "arouse or gratify the sexual desire of any person." His defense consisted of a denial that he committed the alleged offenses. Furthermore, intent to "arouse or gratify the sexual desire of any person" can be inferred from appellant's conduct, and the evidence is sufficient under *either* statute to support this inference. *McKenzie v. State*, 617 S.W.2d 211 (Tex.Crim.App.1981). As he never offered this defense—much less an ex post facto claim at trial—he cannot complain that he was deprived of any fundamental right to do so. Additionally, we have held that we will not consider errors not called to the trial court's attention, including those alleged to be of constitutional dimensions. *Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim.App.1982); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1991). Even if appellant's ex post facto claim were meritorious, his failure to raise it at trial precludes him from raising it on appeal. Appellant does not show that the error claimed is one of first impression or otherwise not subject

---

1. Appellant was also convicted of two additional offenses of aggravated sexual assault of a child which occurred in 1989. He does not appeal those convictions.

to waiver. *Ex parte Chambers,* 688 S.W.2d 483 (Tex.Crim.App.1984).

It is my opinion, however, because appellant's conduct was a crime (first degree felony) under either statute, the punishment range was the same under either statute and the State would have put on the same evidence under either statute that the error complained of by appellant is a defect in the indictment and not a violation of the ex post facto clause.

Appellant never objected to the indictment. Article 1.14 of the Texas Code of Criminal Procedure provides that failure to object to a defect of form or of substance in an indictment before trial on the merits waives the right to raise the matter on appeal. The indictment meets the constitutional requirements that it name the person indicted and that it identify the offense or offenses charged with sufficient specificity so as to allow the person charged to prepare a defense. See *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990) and *Cook v. State,* 902 S.W.2d 471 (1995). Appellant, by failing to object, waived any complaint on appeal with respect to the indictment.

Finally, appellant fails to show that he was harmed by being tried and convicted under Texas Penal Code § 22.021. The record shows overwhelming evidence of appellant's guilt and the evidence raised no issue of whether appellant acted with the intent to arouse or gratify the sexual desire of any person. Thus, any error in the indictment is harmless beyond a reasonable doubt. Tex. App.Proc. Rule 81(b)(2).

I would affirm the judgment of the court of appeals.

KELLER, Judge, dissenting.

This case involves four indictments that allege that Appellant engaged in various acts of sexual misconduct with a child under fourteen years of age. The alleged dates for the offenses are all prior to the effective date of Texas Penal Code § 22.021. At the time the offenses were committed, the applicable statute was the now repealed § 21.05(a)(5) (West Supp.1981), which penalized "sexual abuse of a child." The definition of "sexual abuse of a child" under then § 21.10 (West 1974) contained the phrase "with the intent to arouse or gratify the sexual desire of any person." The indictments do not contain this phrase but otherwise satisfy the elements of the offense in § 21.05.

All defects of form or substance in an indictment are waived unless the defendant lodges a pretrial objection. Texas Code of Criminal Procedure, Article 1.14(b). The omission of an element of the offense is a defect of substance which is waived by the failure to object in a timely manner. *Studer v. State,* 799 S.W.2d 263, 272–3 (Tex.Crim. App.1990).

The majority is absolutely correct in its assertion that convictions under § 22.021 would be barred by *ex post facto* considerations, but § 22.021 has nothing to do with this case. § 21.05 is the statute that appellant violated and under which he should have been charged. The indictments do in fact charge offenses under § 21.05. The omission of an element of § 21.05 is a waivable error, and appellant did waive error by failing to object.[1]

For these reasons, I respectfully dissent.

---

1. In *Thomason v. State,* 892 S.W.2d 8, 11 n. 5 (Tex.Crim.App.1994) we stated that when an indictment charges a facially complete offense we do not presume a defect exists, and *Studer* is simply not applicable. In other words, *Studer* applies only to cases involving indictments that are facially defective. On its face, the indictment in the present case alleges a date of commission inconsistent with a prosecution under § 22.021. This intrinsic inconsistency is a defect which authorizes application of *Studer.*