NO. 07-01-0309-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2002

_____


JAMISON PAUL MURPHEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 9TH DISTRICT COURT OF WALLER COUNTY;

NO. 00-06-10283; HONORABLE JOHN DELANEY, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty, a jury convicted appellant Jamison Paul Murphey of misapplication of fiduciary property. The trial court assessed punishment at two years confinement, but suspended the sentence, imposing five years community supervision with sixty days confinement in the county jail to be served on weekends, a $2,500 fine, and $48,010 in restitution. Presenting four points of error, appellant claims (1) the indictment

is defective as to both form and substance and the misapplication charge in the indictment is unconstitutionally vague and such error is fundamental; (2) the verdict is contrary to the law and evidence in the case; (3) the trial court erred in failing to instruct the jury on the law as it applies to "fiduciary relationships" and what conduct of appellant as a "fiduciary," if any, would be proscribed by the statute; and (4) the trial court erred in overruling his objections to the jury charge that "fiduciary" was incorrectly defined. Based upon the rationale expressed herein, we reverse and remand.

In October 1998, appellant, complainant and complainant's wife, executed a written contract by which appellant agreed to construct a new kitchen, family room, bathroom, staircase, front and back exteriors, and garage at complainant's residence.[1] By the contract, complainant agreed to pay $43,010 in three installments, to-wit: $25,806 as a deposit to begin the work, $7,630 after completion of the garage and back exterior, and the balance of $9,574 upon completion. By cashier's check dated December 1, 1998, complainant paid appellant $30,000, and work was scheduled to begin in January 1999. After work commenced, in April 1999, appellant approached complainant and requested payment of the balance of the contract price claiming a supply shortage and a personal financial emergency. As requested by appellant, complainant paid the balance owing, but while the project remained incomplete, in August 1999, appellant informed complainant

---

[1]Appellant and complainant did not create a lien on the homestead by complying with the provisions of sections 53.251 and 53.254 of the Texas Property Code Annotated (Vernon Supp. 2002).

that he would be unable to complete the project due to lack of funds. On or about June 20, 2000, appellant was indicted for misapplication by a fiduciary of property of a value over $1,500 but less than $20,000 held for the benefit of complainant. Tex. Pen. Code Ann. § 32.45 (Vernon Supp. 2002).

By his first point, appellant contends the indictment is defective as to both form and substance and the misapplication charge in the indictment is unconstitutionally vague and such error is fundamental, and further asserts (a) the misapplication charge in the indictment does not give appellant notice of conduct that might constitute an offense; (b) the misapplication charge in the indictment is vague as to the "manner and means" of the commission of the offense; and (c) the misapplication charge in the indictment charges conduct, and the State urged conviction under a theory of an offense, where such conduct is not unlawful. We disagree.

The State contends that because appellant did not present any objection to the indictment in the trial court as required by article 1.14(b) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2002), the contention is not preserved for review. Article 1.14(b) requires that all defects of form or substance in an indictment are waived unless presented by a pretrial objection. *See* Ieppert v. State, 908 S.W.2d 217, 227 (Tex.Cr.App. 1995). Moreover, the indictment alleges the essential elements of the offense. Bynum v. State, 767 S.W.2d 769, 778 (Tex.Crim.App. 1989) (en banc). Appellant's first point is overruled.

3

We next consider appellant's fourth point, by which he contends the trial court erred in overruling his objections to the jury charge because it incorrectly defined "fiduciary" and its language that referenced appellant's actions as being subject to a theory of "construction payments as trust funds" as set out in the Property Code, was an impermissible comment on the evidence, misstated the law, mislead the jury, and denied him a fair trial. We agree.

As material here, the charge instructed the jury as follows:

Construction payments made to a contractor under a construction contract for the improvement of specific real property in this state are trust funds. A contractor who receives trust funds is a trustee of the trust funds.

During the charge conference, defense counsel objected to the charge and expressly objected to the inclusion of the definition or instruction dealing with construction payments and contractor defined as a trustee as provided by chapters 160 and 162 of the Property Code. The State acknowledges that chapter 162 was the source of the instruction or definition contained in the court's charge. We must determine whether chapter 162 applies to a prosecution where the indictment charges misapplication of funds held for the benefit of the owner of the property, who was not an unpaid supplier, subcontractor, or laborer on the construction project.

Section 162.001(a) (Vernon Supp. 2002) declares that construction payments are trust funds and section 162.002 provides that a contractor who has control or direction of

4

trust funds is a trustee of the trust funds. The beneficiaries of these trust funds according to section 162.003 include

> [a]n artisan, laborer, mechanic, contractor, subcontractor, or materialman who labors or who furnishes labor or material for the construction or repair of an improvement on specific real property . . . .

Although sections 53.258 (a) and (f) and 53.259 (a) and (c) apply to transactions between a contractor and an owner,[2] the relationship of trustee and beneficiary contemplated by the above-referenced sections do not apply to an owner/contractor relationship. Accordingly, because the owner was charged to be the beneficiary of the trust funds and paragraph 4 of the charge expressly inquired whether appellant held the funds for the "benefit" of complainant, appellant's fourth point is sustained.

Our sustension of appellant's fourth point pretermits our consideration of points two and three. Tex. R. App. P. 47.1. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Don H. Reavis
Justice

Publish.

---

[2]We express no opinion as to whether sections 53.258(f) or 53.259(c) may be implicated upon retrial.

5