DP 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00608-CV






In the Matter of D. P.






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-14,281, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






 Appellant, D. P., a juvenile, appeals the trial court's judgment that he engaged in delinquent
conduct by committing the offenses of robbery, burglary of a habitation, and attempted sexual assault. See
Tex. Fam. Code Ann. § 51.03(a)(1) (West 1996); Tex. Penal Code Ann. §§ 29.02, 30.02, 15.01, &
22.011 (West 1994). The trial court ordered appellant committed to the Texas Youth Commission
("TYC"). In five points of error, appellant contends: (1) the evidence was insufficient to support a finding
of delinquent conduct because no evidence corroborated the testimony of Wanda Jackson, allegedly an
accomplice witness; (2) the evidence was insufficient to sustain an adjudication for the offense of attempted
sexual assault because no evidence corroborated the testimony of Terrance Jackson, an accomplice
witness; (3) the evidence was insufficient to show appellant possessed the specific intent to commit sexual
assault; (4) the trial court violated appellant's due process rights by admitting testimony from an accomplice
witness who had been granted testimonial immunity; and (5) the trial court erred by committing appellant
to TYC. We will affirm the trial court judgment. 



BACKGROUND


 About 11:00 p.m. on June 29, 1995, the victim saw three black males in the parking area
of her Austin apartment complex at the corner of Lamar and Rundberg. One black male approached her
from behind, placed what she believed to be a gun to her head, and ordered her to give him her money. 
While covering the victim's eyes with his hand, the assailant forced her to her apartment where he took
thirty dollars from her purse. He then forced the victim into her dark bedroom closet where he made her
remove her shorts and undergarments. The man fondled her vaginal area and then forced her to lie on her
stomach while he attempted to tie her hands behind her back with a towel. Failing that, he made her turn
onto her back and placed the towel over her eyes, pushed up her shirt, pulled down her bra, kissed and
licked her breasts, and kissed her on the mouth. She continuously begged him not to hurt her. The
assailant ordered the victim not to move or he would shoot her; then he left the closet. She could hear
noises in the apartment and sounds of someone searching the drawers in her apartment. She heard the
assailant asking someone, "Are you done yet?" but heard no reply. While the victim's home was being
searched, the assailant returned twice to the closet, each time threatening to shoot her if she moved. 
Between these threats, the victim again heard her assailant asking "Are you done yet?" She could hear a
mumbled response but could not make out the answer. After hearing nothing for a few minutes, she
emerged to find her home ransacked and her VCR and stereo stolen. 

 About 11:30 or 11:45 p.m. that evening, Wanda Jackson arrived home to find her two
sons, Terrance and Dante, there with three friends, one of whom was appellant. Terrance met her outside
and told his mother they had done something wrong and he was scared. He told her they had "robbed a
house" and taken things from a woman. She found the other boys in her sons' room along with a VCR and
a stereo that Terrance told her they had taken from the victim's home. She told the boys to leave and get
the items out of her house. Outside, appellant showed Wanda thirty dollars, told her he had taken it from
the woman, and gave Wanda five dollars. Wanda later found a gun on the bed in the boys' room. When
the items were still in her apartment the next day, Wanda called the police.

 Terrance Jackson testified that one evening he was with appellant in front of an apartment
on Lamar and that appellant pointed a simulated firearm at a woman's head. Terrance identified the firearm
in evidence as the one appellant used. He stated that appellant then went into the woman's apartment. 
When Terrance went into the woman's apartment a few minutes later, he saw appellant. Terrance stayed
in the living room, but appellant went into another room. Terrance testified that he took a radio and
appellant took thirty dollars, and they left in the woman's car. They went to Terrance's home and were
there when Terrance's mother returned from work that night.

 The trial court found appellant had engaged in delinquent conduct by committing the
offenses of robbery, burglary of a habitation, and attempted sexual assault. See Tex. Penal Code Ann. §§
29.02, 30.02, 15.01, & 22.011. The trial court ordered appellant committed to the Texas Youth
Commission; appellant appeals. 


DISCUSSION


 In point of error one, appellant complains that the trial court erred by admitting and
considering uncorroborated testimony of an accomplice witness, Wanda Jackson, and asserts that absent
her testimony insufficient evidence exists to support a finding of delinquent conduct. An adjudication of
delinquent conduct may not be had upon the testimony of an accomplice witness unless corroborated by
other evidence. Tex. Fam. Code Ann. § 54.03(e) (West 1996). Accomplice testimony may be
corroborated by other evidence that tends to connect the accused to the crime and is sufficiently
corroborated when, after eliminating from consideration the accomplice testimony, the other inculpatory
evidence tends to connect the defendant with the offense. In re L.G., 728 S.W.2d 939, 943 (Tex.
App.--Austin 1987, writ ref'd n.r.e.); see also Burks v. State, 876 S.W.2d 877, 887 (Tex. Crim. App.
1994), cert. denied, U.S. , 115 S.Ct. 909 (1995). Appellant contends that Wanda Jackson was an
accomplice as a matter of law because he gave her five dollars out of the money he had taken from the
victim. We disagree. 

 It is well settled that one who cannot be prosecuted for the same offense as the defendant
is not an accomplice witness. Kunkle v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986), cert.
denied, 492 U.S. 937 (1989); Easter v. State, 536 S.W.2d 223, 227 (Tex. Crim. App. 1976); Navarro
v. State, 863 S.W.2d 191, 201-02 (Tex. App.--Austin 1993, pet. denied). Even though Wanda Jackson
accepted a small portion of the stolen money, there is no evidence that she participated in the robbery,
burglary, or attempted sexual assault. Because there is no evidence that Wanda Jackson could be
prosecuted for any of these offenses, the trial court did not err in refusing to find she was an accomplice
witness as a matter of law. See Kunkle, 771 S.W.2d at 439. Accordingly, we overrule point of error one. 


 In points of error two and four, appellant argues there was insufficient evidence to support
a finding that he engaged in delinquent conduct by attempting to commit the offense of sexual assault. (1) 
Appellant first argues the evidence fails to prove he possessed the specific intent to commit sexual assault. 
The critical inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found beyond a reasonable doubt that the appellant possessed the specific
intent to commit sexual assault. See Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App.), cert.
denied, 502 U.S. 870 (1991); Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). 


 Specifically, appellant contends that penetration is an essential element of sexual assault and
that the State's evidence failed to show that he exposed himself or did any act suggesting his intent to
commit penetration. Even assuming appellant's argument were valid, its premise is incorrect. Penetration
is not the only manner in which to commit the attempted offense. For example, a person can commit sexual
assault by causing the victim's sexual organ to contact the assailant's mouth. Tex. Penal Code Ann. §§
22.011(a)(1)(c); 22.011(b)(1) & (2). A person commits an offense by attempting this act. Tex. Penal
Code Ann. § 15.01; Flanagan v. State, 675 S.W.2d 734, 739 (Tex. Crim. App. 1984). The fact that
appellant did not expose his genitals did not prevent a finding that he intended to commit sexual assault. 
See Walker v. State, 859 S.W.2d 566, 569 (Tex. App.--Waco 1993, pet. ref'd). 

 Appellant's intent can be inferred from his acts, words, and conduct. See Skillern v.
State, 890 S.W.2d 849, 880 (Tex. App.--Austin 1995, pet. ref'd). The victim testified that her assailant
forced her into her dark bedroom closet with what she believed was a gun, and once inside the closet,
forced her to remove her shorts and underwear. She testified that while she pleaded with her assailant, he
fondled her vaginal area and forced her to lie on her stomach while he attempted to tie her hands behind
her back. She testified that while she was unclothed from the waist down, her assailant made her lie on her
back with her eyes covered while he pushed up her blouse, pulled down her bra, and proceeded to kiss
her on the mouth and lick and kiss her breasts. Finally, the victim testified that she could hear noises that
sounded like drawers being opened and closed and that her assailant repeatedly left the closet to ask the
persons outside if they were finished and would return to threaten her to remain as she was. A rational trier
of fact could infer from the evidence that appellant only stopped his activities because his cohorts were
searching the apartment or perhaps because his attempts to tie the victim's hands failed. Appellant's failure
to complete the assault, however, does not negate his intent. See Lindsey v. State, 764 S.W.2d 376, 378
(Tex. App.--Texarkana 1989, no pet.). We find that, when reviewing all the evidence in the light most
favorable to the verdict, a rational trier of fact could find appellant possessed the specific intent to commit
sexual assault and the elements of attempted sexual assault were proven beyond a reasonable doubt.

 Appellant also argues that because the testimony of Terrance, an accomplice witness, was
not corroborated, there was insufficient evidence to support the adjudication of delinquent conduct based
upon attempted sexual assault. The other evidence in the record corroborates Terrance's testimony. The
victim testified that the assailant who attempted to sexually assault her was the same person who held a gun
to her head and stole her thirty dollars. Wanda Jackson testified to Terrance's admissions to her on the
night in question, the goods and gun she found at her house, and that appellant had thirty dollars and told
her he stole the thirty dollars from the victim. We hold that the evidence corroborates Terrance's testimony
and is sufficient to support a finding that appellant engaged in delinquent conduct by attempting to sexually
assault the victim. We overrule points of error two and four. 

 In point of error three, appellant asserts his right to due process of law was violated when
the trial court admitted Terrance's testimony. Prior to testifying, upon State's motion, Terrance was
granted testimonial immunity by the trial court. While appellant couches his point of error in terms of due
process of law, his argument actually challenges the admissibility of Terrance's testimony. In order to
preserve a complaint for appellate review, a party must present the trial court with a timely objection. Tex.
R. App. P. 52(a); see, e.g., Ieppert v. State, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995). Appellant
made no objection to the granting of immunity to Terrance or to the admission of Terrance's testimony at
the trial. Without an objection, appellant has preserved nothing for review. See Tex. R. App. P. 52(a);
Ieppert, 908 S.W.2d at 219. In any event, appellant argues that because Terrance could not be required
to give self-incriminating testimony, granting him immunity violated appellant's due process rights because
Terrance then testified to evidence incriminating appellant. We fail to see how appellant can assert this
complaint. We overrule point of error three. 

 In his final point of error, appellant argues the trial court abused its discretion by committing
him to TYC. Commitment to TYC is within the trial court's discretion and generally is proper when the
child involved has engaged in violent activity which makes him potentially dangerous to the public. See In
re L.G., 728 S.W.2d at 945. The trial court determined that appellant had engaged in delinquent conduct
by participating in robbery and burglary and attempting to commit sexual assault. Additionally, appellant's
probation officer recommended commitment to TYC, and reports by a psychologist and a psychiatrist
recommended residential treatment for appellant. The probation officer also reported he was unable to
arrange residential treatment for appellant locally. Based upon the facts in this case, we cannot say that the
trial court abused its discretion when it ordered that appellant be committed to TYC. We overrule point
of error five. 




CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of the trial court. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: February 6, 1997

Do Not Publish

1. The required elements to be proven for attempted sexual assault are:


(1) a person

(2) with specific intent to commit sexual assault

(3) does an act amounting to more than mere preparation

(4) that tends but fails to effect the commission of sexual assault


Flanagan, 675 S.W.2d at 739. 


 doubt.

 Appellant also argues that because the testimony of Terrance, an accomplice witness, was
not corroborated, there was insufficient evidence to support the adjudication of delinquent conduct based
upon attempted sexual assault. The other evidence in the record corroborates Terrance's testimony. The
victim testified that the assailant who attempted to sexually assault her was the same person who held a gun
to her head and stole her thirty dollars. Wanda Jackson testified to Terrance's admissions to her on the
night in question, the goods and gun she found at her house, and that appellant had thirty dollars and told
her he stole the thirty dollars from the victim. We hold that the evidence corroborates Terrance's testimony
and is sufficient to support a finding that appellant engaged in delinquent conduct by attempting to sexually
assault the victim. We overrule points of error two and four. 

 In point of error three, appellant asserts his right to due process of law was violated when
the trial court admitted Terrance's testimony. Prior to testifying, upon State's motion, Terrance was
granted testimonial immunity by the trial court. While appellant couches his point of error in terms of due
process of law, his argument actually challenges the admissibility of Terrance's testimony. In order to
preserve a complaint for appellate review, a party must present the trial court with a timely objection. Tex.
R. App. P. 52(a); see, e.g., Ieppert v. State, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995). Appellant
made no objection to the granting of immunity to Terrance or to the admission of Terrance's testimony at
the trial. Without an objection, appellant has preserved nothing for review. See Tex. R. App. P. 52(a);
Ieppert, 908 S.W.2d at 219. In any event, appellant argues that because Terrance could not be required
to give self-incriminating testimony, granting him immunity violated appellant's due process rights because
Terrance then testified to evidence incriminating appellant. We fail to see how appellant can assert this
complaint. We overrule point of error three. 

 In his final point of error, appellant argues the trial court abused its discreti